**NUNN v. HUMPHREY, Warden.**

**No. 220.**

United States District Court
M. D. Pennsylvania.

Nov. 19, 1948.

Petitioner pro se.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for respondent.

FOLLMER, District Judge.

Petitioner had a hearing and an order was entered denying his application for a writ of habeas corpus. Nunn v. Humphrey, D.C.M.D.Pa., 79 F.Supp. 8. He now, in a petition directed against the Clerk of the Court, has filed in forma pauperis a blanket request for copies of records,[1] being records in the habeas corpus referred to in this memorandum. This is not a request under Section 2250 of the New Federal Judicial Code for certified copies of documents in connection with a pending application for writ of habeas corpus, since final action dismissing the writ has been had in this Court. Nor is the question of furnishing a transcript on appeal under Section 1915 of the New Federal Judicial Code here involved, since no appeal is now pending.

It was not intended that the taxpayer's money should be spent indiscriminately to satisfy the mere whims of such applicants. In this petition he asks for a copy of the Response. The records show that a copy was served upon him at the time of filing. As for Respondent's Briefs, there were none. The issue was a simple one of fact, and required no briefs. A certified copy of the indictment was introduced into evidence; the only purpose of which was to show that the indictment did charge the transportation of a 1947 Ford. He saw this exhibit,[2] he now knows it does so charge, and if he had made proper inquiry prior to filing his petition for writ of habeas corpus the irresponsible allegation in relation thereto should not have been made by him. Certainly no purpose is now served by furnishing a copy to him free of cost. As to the transcript of testimony, even if an appeal in forma pauperis is hereafter sought and allowed, no necessity for his obtaining a complete copy of the 43 pages

of testimony is now apparent. Certainly no less should be required than that in a forma pauperis proceeding, a person seeking copies free of charge should set forth sufficient information to enable a determination of the necessity for such copies as are requested, and the pertinency thereof to some matter then pending. Whether the necessity of furnishing copies of records for use in preparing a brief in an appellate proceeding should, under Section 1915(b) of the New Federal Judicial Code, be determined by this Court or the Appellate Court, calls for no decision at this time. The application is refused.

---

[1] The request (following a form previously presented by another petitioner) asks that the government make and furnish free of charge:
"(a) Complete Transcript of the hearing in Habeas Corpus action no. 220 (testimony of witnesses.)
"(b) Copies of all Exhibits entered by the Respondent in Habeas Corpus Action No. 220, inclusive.
"(c) Copies of the Respondents Briefs, Response and/or any documents or object entered and filed within said Court by the aforesaid."

[2] Part of Respondent's Exhibit No. 1.