Samuel N. POE, Petitioner,

v.

UNITED STATES of America, Administrative Office of the United States Courts, and Warren Olney III, Director, Respondents.

Civ. A. No. 2890-63.

United States District Court
District of Columbia.

April 3, 1964.

John Bodner, Jr., Washington, D. C., for plaintiff.

David C. Acheson, U. S. Atty., for defendant.

J. SKELLY WRIGHT, Circuit Judge*.

The indigent petitioner in these proceedings under 28 U.S.C. § 2255 has moved for a transcript of his trial. This court has previously determined that the transcript is necessary for petitioner to be able properly to prepare his case here, and has ordered it to be made available to him at Government expense. The transcript has been prepared, but the reporter has not yet turned it over to petitioner, as the Administrative Office of the United States Courts has indicated that the Government will not pay the $125.00 cost.

■ The Federal Court Reporter Act, 28 U.S.C. § 753(f), provides that the Government will provide free transcripts to persons allowed to "defend * * * in forma pauperis" in any "criminal * * * proceedings." Petitioner was allowed to defend *in forma pauperis* in his criminal trial, counsel being appointed for him by the court. He therefore comes within the scope of this statutory provision. Moreover, since one who had the funds could purchase a transcript of his trial, the Constitution and laws command that the indigent be supplied a transcript when he has need of it. See Hardy v. United States, 375 U.S. 277, 280, and 282–296, 84 S.Ct. 424, 11 L.Ed. 2d 331 (concurring opinion) (1964); Lane v. Brown, 372 U.S. 477, 483–484, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Coppedge v. United States, 369 U.S. 438, 446–447, 82 S.Ct. 917, 8 L.Ed.2d 21, and cases cited n. 13 (1962); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); Griffin v. Illinois, 351 U.S. 12, 17–18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); compare Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Douglas v. California, 372 U.S. 353, 82 S.Ct. 71, 7 L.Ed.2d 23 (1963).

■ Additionally, the statute provides transcripts for persons allowed "to sue * * * in forma pauperis" in "habeas corpus proceedings." 28 U.S.C. § 753(f). It is clear beyond peradventure that a petitioner under 28 U.S.C. § 2255 is entitled to "the same rights" as in a *habeas corpus* suit. United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Andrews v. United States, 373 U.S. 334, 339, 83 S.Ct. 1236, 10 L.Ed. 2d 383 (1963); Sanders v. United States, 373 U.S. 1, 13–14, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963); Hill v. United States, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Heflin v. United States, 358 U.S. 415, 417, 421, 79 S.Ct. 451, 3 L.Ed. 2d 407 (1959).

■ Therefore, under the Constitution and the statute, an indigent petitioner under 28 U.S.C. § 2255 is entitled to a free transcript of his trial if necessary to make out his case. United States v. Glass, 4 Cir., 317 F.2d 200, 202–203 (1963); Sokol, The Availability of Transcripts for Federal Prisoners, 2 American Criminal Law Quarterly 63 (1964). The *Glass* case adequately deals with prior authority to the contrary which reflects a narrow view of defendants' rights.

■ Under 28 U.S.C. § 753(f) the Government is to pay for this transcript

* Sitting by designation pursuant to 28 U.S.C. § 291(c).

out of the same appropriations used to pay for transcripts in common law *habeas corpus* proceedings, § 2255 being a statutory proceeding in the nature of *habeas corpus*. See cases cited *supra*. Since the Government will be taxed this cost, the reporter is required to turn over the transcript to the defendant without prepayment. 28 U.S.C. § 753(f). The transcript being ready, that will be done forthwith. The reporter may then proceed to collect the sum owed him by the Government in due course, including, if necessary, suit against the United States. This court thus has no occasion at this time to enter the requested order in the nature of mandamus, at the instance of this petitioner, against the Administrative Office and its Director.

So ordered.