**UNITED STATES of America**

v.

**Russell E. NEWSOME.**

**Crim. No. 24283.**

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 26, 1966.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for the United States.

SIDNEY O. SMITH, Jr., District Judge.

■ The court has received a second request from the prisoner for the complete transcript of his conviction and sentence in the above case. He was convicted before another court and is presently in custody in another District. No writ of habeas corpus under 28 U.S.C.A. § 2242 and no motion in the trial court under 28 U.S.C.A. § 2255 have been filed by the prisoner; nor has any alleged error been claimed or complained of by the prisoner. Apparently, the prisoner seeks all records in connection with his case for the purpose of perusal to ascertain if he can find any error on which to file a writ. The law does not afford such a luxury, even to an indigent prisoner in custody.

■ Title 28 U.S.C.A. § 2250 authorizes a court to order the Clerk to furnish "such documents or parts of the record on file" as may be required to consider a *pending* writ. This section presupposes that a writ of habeas corpus or § 2255 application has been filed alleging specific errors. Thus, "a person seeking copies free of charge should set forth sufficient information to enable a determination of the necessity for such copies as are requested, and the pertinency thereof to *some matter then pending*" (Emphasis supplied). Nunn v. Humphrey, 80 F.Supp. 856 (M.D.Pa. 1948). And further, "an order directing the Clerk of any Court of the United States to furnish to an indigent petitioner certified copies of records on file in his office, without prepayment of costs, may be made only by the Judge of the Court before whom an application for a writ of habeas corpus,[1] in forma pauperis, is pending. The obvious reason for this statutory limitation of authority is because only the Judge of the Court before whom a proceeding is pending is in a position to determine whether it is necessary to impose such a burden upon the Clerk of a Court of the United States and, if so, to limit the copies to be furnished to those records which are pertinent to the issues presented in the case." United States v. Hoskins, 85 F.Supp. 313 (E.D.Ky.1949). The statutes obviously require the exercise of sound discretion by the court to whom application is made. See Chessman v. Teets, 239 F.2d 205 (9th Cir. 1956).

■■ The frequency of such applications causes the court to reiterate that the granting of blanket requests, without payment of costs, for transcripts, records, and other official documents in connection with criminal convictions are not within the purview of the present statutes. The prerequisites are:

(a) The pendency of a writ of habeas corpus or § 2255 proceeding.

(b) The allowance of the same in forma pauperis.

(c) An application to the court in which the proceeding is then pending.

(d) A sufficient showing for that court to make a determination for the necessity of furnishing the desired record at public expense.

(e) An order to the appropriate Clerk by the Court specifying the records to be furnished.

■ Any court considering a bona fide writ of habeas corpus, or § 2255 proceeding, by an indigent person will certainly require the furnishing of such records, without expense, as will enable a

---

1. The same right would apply under a 2255 proceeding as in a habeas corpus proceeding. See Poe v. United States, D.C., 229 F.Supp. 6 (1964).

fair determination on the merits.[2] However, it is not the burden of the public or the intention of Congress to require the preparation and expense of such records without a showing of need or for mere academic perusal.

Nothing contained herein contravenes the clear constitutional right of an indigent prisoner to have the same rights as non-indigent persons in connection with transcripts when he has legal need of it. See Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

On the question of appeals, the situation under 28 U.S.C.A. § 1915 is somewhat different. *If an appeal has been lodged*, transcripts may be made available to the prisoner or to his counsel, even before it has been allowed in forma pauperis or any determination made as to whether it is "in good faith" or "frivolous". This for the obvious reason that it may be necessary for the determination of its nature, i. e. "taken in good faith", by the trial or appellate courts or by court-appointed counsel, particularly if he was not the trial counsel. See Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Even then, the application must be in connection with a pending appeal before a Circuit Court, or application to appeal under 28 U.S.C.A. § 1915 before the District Court, and not for use in deciding whether an appeal should be filed at all.

Nothing is present here except a simple blanket request for "all records" for the prisoner's examination in deciding whether to pursue an appeal or post-conviction remedy. Accordingly, the request is denied without prejudice for it to be renewed in connection with any proceeding the prisoner desires to file in connection with his conviction.

It is so ordered.

---

2. Payment for reporter's and stenographic costs are allowed under 28 U.S.C.A. § 753(f) by appropriate order.