Theodore **XANTHULL**, Petitioner,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 67–G–141.

United States District Court
S. D. Texas,
Galveston Division.

Feb. 14, 1969.

Frank B. Davis and Hugh M. Ray, of Andrews, Kurth, Campbell & Jones, Houston, Tex. (court-appointed), for petitioner.

Crawford C. Martin, Atty. Gen., and Thomas F. Keever, Asst. Atty. Gen., Houston, Tex., for respondent.

## MEMORANDUM AND ORDER:

NOEL, District Judge.

Petitioner, a prisoner in state custody, has moved through his appointed counsel for an order requiring this Court to order reimbursement of a psychiatrist for his professional services. Leave to proceed in forma pauperis has been granted, in this Court only.

In his motion petitioner has pleaded that "inasmuch as the testimony of one Dr. Benjamin Sher at the Baylor Medical School, Houston, Texas, is an essential factor in Plaintiff's *habeas corpus* proceeding, due to the fact that Dr. Sher examined Plaintiff at or near the time of the commission of his offense to determine the sanity of the Plaintiff, Plaintiff would assert that Dr. Sher is a necessary witness for the proper presentation of his case." After giving Dr. Sher's schedule of fees for appearing in court, petitioner asserts that these fees are reasonable and usual, and urges the Court to bear this expense.

In spite of Local Rule 25(b) of the Southern District of Texas, which permits a moving party to submit a "brief, argument, list of authorities, or other statement" with a pretrial motion, petitioner has filed no supporting material with this motion. Because he has failed to offer facts showing why this expense should be authorized, his motion is denied.

Although Congress has failed to appropriate specifically identified funds, the financial assistance sought by petitioner was authorized in 1965 by an amendment to 28 U.S.C. § 1825, which now provides, in pertinent part:

In all proceedings, in forma pauperis, for a writ of habeas corpus * *, the United States marshal for the district shall pay all fees of witnesses for the party authorized to proceed in forma pauperis, on the certificate of the district judge.

This amendment was enacted to provide express statutory sanction for the order entered in United States ex rel. Helwig v. Cavell, 171 F.Supp. 417 (W.D.Pa.), aff'd on other grounds, United States ex rel. Helwig v. Maroney, 271 F.2d 329 (3d Cir. 1959), cert. denied, 362 U.S. 954, 80 S.Ct. 870, 4 L.Ed.2d 872 (1960), and approved by the Comptroller General in 39 Comp.Gen. 133 (1956). *See* S.Rep. No. 615, 89th Cong., 1st Sess., 1965–2 U.S.Code Cong. & Admin.News, p. 2901; *cf.* 31 U.S.C. §§ 529, 665(a) (permitting the creation of an obligation "in advance of appropriations made for such purpose, [where such] * * * obligation is authorized by law").

Section 1825 provides no standard to guide the district judge in determining whether to issue a certificate, and no case has been found construing the provision since the amendment. Prior to the amendment, however, the Court of Appeals for the Fifth Circuit held that upon request by a pauper in a civil case for the issuance of a subpoena, "the district court had either implied or inherent power and discretion to prevent abuse of its process." Estep v. United States, 251 F.2d 579, 582 (5th Cir. 1958). Similarly, 28 U.S.C. § 1915, the general pauper's statute, provides in subsection (a), that "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith," and in subsection (d) that the court "may dismiss the case * * if satisfied that the action is frivolous or malicious." 28 U.S.C. § 753(f) places the following limits on the payment of public funds for transcripts on appeal:

Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States * * * if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis

shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

 In enacting the pauper's statutes, Congress was concerned not only with the need to assure paupers access to the federal courts to try meritorious claims, but also with the possibility that this privilege might be abused. Disbursement was therefore prohibited except under court order, and the protection of the public purse was delegated to the discretion of the various district and circuit judges subject to various general statutory standards. *Cf.* United States v. Newsome, 257 F.Supp. 201 (N.D.Ga.1966). As has been noted, these standards are expressed in some instances. In other cases, as in this, the judge in his discretion is limited to authorizing the disbursement of public funds only upon a showing of necessity. As no such showing has been made here, petitioner's motion must be denied.

In the event petitioner wishes to renew his motion and attempt to tender a sufficient showing, his attention is called to the numerous discovery devices made available by the Federal Rules of Civil Procedure for "the just, speedy, and inexpensive determination of every action." Rule 1. An expense can only be necessary if a cheaper device would be insufficient. As the trial of this habeas corpus matter will be to the Court, it seems unlikely that Dr. Sher's live testimony will be essential to the just resolution of this matter. An affidavit, admissions secured under Rule 36, a deposition upon written interrogatories, or even an oral deposition doubtless would conserve public funds.

As petitioner's showing of necessity is insufficient to warrant the payment of public funds, his motion is denied, but without prejudice should he wish to tender a sufficient showing in the future. His motion for a hearing on his petition will be held in abeyance until counsel advise the Clerk that they desire a hearing.

The Clerk will file this memorandum and order and send copies to petitioner, his counsel, and counsel for respondent.