Willie DORTLY, Jr., Petitioner,

v.

J. Glenn BAILEY, Sheriff, Columbia County, Florida

and

L. Arthur Lawrence, Jr., State Attorney, Third Judicial Circuit, Respondents.

George Russell FOSTER, Petitioner,

v.

J. Glenn BAILEY, Sheriff, Columbia County, Florida,

and

L. Arthur Lawrence, Jr., State Attorney, Third Judicial Circuit, Respondents,

Gloria Thomas PARNELL, Petitioner,

v.

J. Glenn BAILEY, Sheriff, Columbia County, Florida

and

L. Arthur Lawrence, Jr., State Attorney, Third Judicial Circuit, Respondents.

Verna J. PATE, Petitioner,

v.

J. Glenn BAILEY, Sheriff, Columbia County, Florida

and

L. Arthur Lawrence, Jr., State Attorney, Third Judicial Circuit, Respondents.

Nos. 77–140 Civ.-J–T—No. 77–143 Civ.-J–T.

United States District Court, M. D. Florida, Jacksonville Division.

April 7, 1977.

248

Milo I. Thomas, Jr., Public Defender, Third Judicial Circuit of the State of Florida, Jimmy E. Hunt, Chief Asst. Public Defender, Third Judicial Circuit of the State of Florida, Lake City, Fla., for petitioner.

George R. Georgeiff, Asst. Atty. Gen., in charge of Crim. Appeals Div., Dept. of Legal Affairs of the State of Florida, Michael H. Davidson, Asst. Atty. Gen., of the State of Florida, Tallahassee, Fla., for respondents.

ORDER

CHARLES R. SCOTT, District Judge.

Petitioners have filed a motion for service of witness subpoenas without cost, and for payment of witness fees, by the United States Marshal. In support of that motion, petitioners have also filed a motion for leave to proceed in forma pauperis in all further proceedings in this case. Petitioners are clearly indigent, as attested by their affidavits of insolvency filed herein, since they are represented in these four petitions by an assistant public defender of the Third Judicial Circuit of the State of Florida, who also has been appointed to represent them in the criminal proceedings against them in the Third Judicial Circuit Court.

28 U.S.C. § 1821 establishes that any witnesses who attend proceedings in a United States court (including hearings before the Magistrate) are entitled to be paid fees in the amount of $20.00 per day and ten cents per mile for roundtrip travel. *Hurtado v. United States*, 410 U.S. 578, 583–87, 93 S.Ct. 1157, 1161–63, 35 L.Ed.2d 508, 515–17 (1973), *reh. den.*, 411 U.S. 978, 93 S.Ct. 2151, 36 L.Ed.2d. 701 (1973). 28 U.S.C. § 1915(c) provides that, in cases where a United States court authorizes the proceedings without prepayment of costs and fees, "the officers of the court shall issue and serve all process, and perform all duties in such cases." Unlike Fed.R.Crim.P. 17(b), that provides for the service of subpoenas and the payment of witness fees without cost to an indigent criminal defendant, there is no similar provision for the payment of witness fees on behalf of an indigent party in civil actions. *Estep v. United States*, 251 F.2d 579, 582 (5th Cir. 1958).

Since 1965, however, there has been an amendment to 28 U.S.C. § 1825 that creates an exception to the lack of provision for payment of witness fees on behalf of an indigent in civil cases.[1] The 1965 amendment to § 1825 provides that in all habeas corpus proceedings and postjudgment proceedings under 28 U.S.C. § 2255, where the petitioner has been granted leave to proceed in forma pauperis, the United States Marshal shall pay the petitioner's witness fees if the district judge so certifies. *Xanthull v. Beto*, 296 F.Supp. 129, 130 (S.D.Tex. 1969). A judge's certification should be made after (1) finding the petitioner to be indigent based on affidavits of insolvency, and (2) granting leave to proceed in forma pauperis, based on determination that the action is neither frivolous nor malicious, but brought in good faith. *Id. See also United States ex rel. Helwig v. Cavell*, 171 F.Supp. 417, 422–24 (W.D.Pa.1969), *aff'd on alt.*

1. Habeas corpus proceedings and motions under 28 U.S.C. § 2255 are civil proceedings. *United States v. Morgan*, 346 U.S. 502, 505 n. 4, 74 S.Ct. 247, 249 n. 4, 98 L.Ed. 248, 253 n. 4 (1954); *United States v. Hayman*, 342 U.S. 205, 209 n. 4, 72 S.Ct. 263, 267, n. 4, 96 L.Ed. 232, 236 n. 4 (1952); *Rosecrans v. United States*, 378 F.2d 561, 565–66 and n. 4 (5th Cir. 1967); *Martin v. United States*, 273 F.2d 775, 777 and n. 11 (10th Cir. 1960); *United States v. Williamson*, 255 F.2d 512, 515 (5th Cir. 1958); *Estep v. United States*, 251 F.2d 579, 581 (5th Cir. 1958); *United States v. Tyler*, 413 F.Supp. 1403, 1404 (M.D.Fla.1976).

*grnds.*, 271 F.2d 329 (3rd Cir. 1959), *cert. den.*, 362 U.S. 954, 80 S.Ct. 1080, 4 L.Ed.2d 872 (1960); *approved* 39 Comp.Gen. 133 (1956), before the 1965 amendment to § 1825.

The Court will grant petitioners' motion for leave to proceed in forma pauperis in all further proceedings in this case. Petitioners are obviously indigent; and their need to have their witnesses attend the hearing in these cases warrants the Court's certification that witness fees and service of witness subpoenas are justified expenditures by the Marshal. Accordingly, it is now

ORDERED:

1. Petitioners' motion for leave to proceed in forma pauperis in all further proceedings in these cases is granted.

2. Petitioners are allowed to proceed in forma pauperis in all further proceedings in these cases.

3. Petitioners' motion for service of witness subpoenas, and payment of witness fees, by the United States Marshal, without cost, is granted.

4. The Court certifies that petitioners' indigency and need to have witnesses attend the hearing in these cases justifies the United States Marshal serving witness subpoenas without cost and paying the witness fees required under 28 U.S.C. § 1821.

5. The United States Marshal for the Middle District of Florida is ordered to serve petitioners' witness subpoenas, and pay the witness fees, for the hearing in these cases scheduled for April 13, 1977.

DONE and ORDERED at Jacksonville, Florida, this 7th day of April, 1977.