William F. PALMER

v.

**James B. COONS, individually and in his official capacity as Lieutenant of the Middlebury Police Department; Michael B. Bolduc, individually and in his official capacity as Patrolman of the Middlebury Police Department; and Edward Cyr, individually and in his official capacity as Patrolman of the Middlebury Police Department.**

Civ. A. No. 80–137.

United States District Court,
D. Vermont.

March 5, 1984.

Michael R. Gadue, Burlington, Vt., for plaintiff.

Matthew I. Katz, Latham, Eastman, Schweyer & Tetzlaff, Burlington, Vt., for defendants.

## OPINION AND ORDER

COFFRIN, Chief Judge.

The defendants in this § 1983 civil rights action have moved for an award of attorney fees pursuant to 42 U.S.C. § 1988. Defendants were the prevailing parties by virtue of this court's grant of their motion for summary judgment and the affirmance of that decision on appeal. The parties do not dispute that the applicable standard is whether plaintiff's claims were frivolous, unreasonable or without foundation, or whether plaintiff continued to litigate after they clearly became so. *See Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam) (§ 1983 action where court applied standard adopted in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648

(1978), a Title VII case, on rationale that § 1983 standard should be no less stringent). The parties predictably dispute the application of that standard.

The facts underlying plaintiff's action are summarized as follows. Two of the defendants, Middlebury police officers, were called in the early morning to plaintiff's dairy by a neighbor who suspected a burglary in progress. They arrived in separate cars, one marked and one unmarked. Plaintiff heard vehicles in the dairy driveway next to his residence and went outside to investigate, carrying a rifle. He first encountered a car with its headlights on, then saw two men with flashlights inside one of his vans. He then smashed the headlights of the car with its lights on, which was the unmarked cruiser. The two men were the police officers. It was disputed whether they identified themselves and told plaintiff not to do any more damage after plaintiff had put out one headlight but before he put out the second. It was also disputed whether plaintiff was unreasonably profane and abusive even after learning the officers' identity. In any event, the officers left without making an arrest or issuing a citation. They filed incident reports the following day. Lieutenant Coons, the third defendant, filed the reports with the county prosecutor. The prosecutor initiated a charge of unlawful mischief, notice of which was served on plaintiff by citation. It was eventually agreed that the charge would be nol prossed if plaintiff would pay for the headlights and apologize to the officers.

Plaintiff's § 1983 action consisted of four constitutional claims and two appended state claims for malicious prosecution and negligence. The constitutional allegations were that defendants had violated plaintiff's right to privacy, his freedom from unreasonable search and seizure, his freedom from false arrest and malicious prosecution, and his freedom from cruel and unusual punishment. The alleged damages were for defamation causing humiliation, mental distress, and loss of employment and earnings as well as an opportunity for public service.

This court found that any search was reasonable, in light of the exigent circumstances exception to the warrant requirement, since a felony in progress had been reported on the premises. We also found no unreasonable seizure occurred in that plaintiff was never arrested and was perhaps briefly detained but only after the officers had probable cause to arrest plaintiff for destroying the headlights in their presence. We also found that the charge filed against plaintiff involved no violation of any federal rights, in essence because he was never arrested, the citation was supported by probable cause, no federal privacy right could be properly invoked to protect plaintiff from the unwanted publicity, and because malicious prosecution is a state law claim absent a conjunctive constitutional deprivation. Finally, the court noted that plaintiff had not been punished in the sense of the Eighth Amendment's prohibition of cruel and unusual punishment because he had not been convicted of anything, and that his remaining claim of simple negligence carried no federal rights implications and therefore could not be the substance of a § 1983 claim.

We conclude that plaintiff's complaint was indeed unreasonable and groundless, and that an award of fees is appropriate. We do so with full awareness that the principal purpose behind congressional authorization of fee awards to prevailing parties in civil rights cases was to encourage "private attorneys general" to vindicate fundamental federal rights, and that fee liability may do the opposite. *See* Senate Rep. No. 94–1011, 94th Cong.2d Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912 (legislative history to § 1988); *see also Hughes,* 449 U.S. at 14–15, 101 S.Ct. at 178–179; *Turner v. Lynch,* 534 F.Supp. 686, 689 (S.D.N.Y.1982) (prevailing plaintiff's should ordinarily recover fees but prevailing defendants must meet stringent standard of frivolousness, etc.). We are also aware that the novelty of some of plaintiff's arguments presented issues which might be characterized as being of

first impression, a factor in favor of avoiding plaintiff's fee liability. *See Christiansburg Garment Co.*, 434 U.S. at 422, 98 S.Ct. at 700.

■ It is abundantly clear, however, that the novelty of a case of "first impression" may derive from the fact that it is a totally groundless claim such that no reasonable person ever before considered it sufficient to bring to court, and that in such circumstances a plaintiff may be liable for the cost of defense. *See e.g. Harbulak v. County of Suffolk*, 654 F.2d 194 (2d Cir. 1981) (privacy claim based on police officers reaching into vehicle to leave citation on dashboard after driver refused to accept it by hand). Moreover, this was not a case in which plaintiff's claims may have seemed meritorious at the outset but later failed because of further development in the law or because of further exposure of facts not available at the outset. *Christiansburg Garment Co.*, 434 U.S. at 422, 98 S.Ct. at 700. The facts here were relatively simple and clear, as was the law, from beginning to end.

The applicable law required somewhat lengthy explanation in this court's opinion on summary judgment, but that was largely because of the number and "chameleonic" nature of plaintiff's claims. The alleged web of constitutional violations disintegrated when we considered that little in the claims even brought constitutional analysis into play. There was no arrest, no significant detention, no search, no invasion of privacy, no punishment, and there *was* probable cause to arrest that was not exploited by the officers in that no arrest occurred. We also note in this regard that we need not stretch the bounds of reasonableness in this case as have courts faced with *pro se* complaints by prisoners and others not legally trained or counseled. *Compare, e.g. Hughes* 449 U.S. at 15, 101 S.Ct. at 178. Plaintiff was advised by counsel throughout the case.

In the final analysis, we need not go so far as to say this action was entirely frivolous in order to say that with and without the benefit of hindsight it was groundless and unreasonable. It may be that the police and prosecutor could have been more diplomatic in seeking restitution for plaintiff's acts, but the facts and law of this case never warranted the public and private costs of a federal civil rights action.

■ The amount of fees requested is approximately twelve thousand dollars, including approximately three thousand dollars spent in response to plaintiff's appeal to the circuit. The court finds that two thousand five hundred dollars is an appropriate fee award in this case, including the costs of appeal.[1] Plaintiff has tried to color the appellate expense as due to defendant's refusal to settle for a lesser sum. Given the lack of merit to the case, however, and the obvious principles involved where defendants were public officials as well as the fact that the right to appeal alone should not be used to give appellants leverage for an otherwise unjustified settlement, we find those costs attributable to the plaintiff.

---

1. The "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* — U.S. —, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This is described by the Second Circuit Court of Appeals as fixing the "lodestar" amount. *See NYARC v. Carey,* 711 F.2d 1136, 1140 (2d Cir.1983). The conclusory affidavit filed by defendant's counsel in support of the motion for attorney fees does not distinguish between counsel's professional fees and expenses nor does it itemize the number of hours spent on the matter at the stated hourly rate of $60. Nevertheless, given the nature and history of the action, the issues presented, the quality of representation by counsel and the ultimate result the court is satisfied that the total charges of $12,004.53 set forth in the affidavit reflects a reasonable lodestar figure and that in the circumstances of this case additional information to enable the court to fix the amount of attorney fees is unnecessary. This is particularly so since at the hearing defendants' counsel advised they were not seeking the entire amount of their charges but would be content with a lesser award "anywhere between a tenth and a half" of the amount billed to and paid by their clients. It appears then that the defendants seek an award of attorney fees more symbolic than compensatory and the court's award in this context is eminently reasonable.