**Robert Joe McDOWELL, Plaintiff,**

v.

**R.B. MOORE; R.D. Sisk; D. Lindsay; (Patrolman) Love; D.R. Hubbard, Defendants.**

Civ. A. No. C–C–85–0373–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 15, 1986.

Robert Joe McDowell, pro se.

Tyrus V. Dahl, Jr., Womble, Carlyle, Sandridge & Rice, Winston Salem, N.C., for defendants.

## MEMORANDUM OF DECISION

SENTELLE, District Judge.

THIS MATTER was heard before the undersigned and a jury in a trial concluding April 11, 1986. Upon a verdict in favor of the individual defendants, this Court ordered the costs taxed against the plaintiff. Defendants now move for an award of attorney fees as a part of the costs herein, pursuant to Title 42, U.S. Code, Section 1988. For the reasons set forth hereinafter, this motion will be allowed, though not in the full amount prayed by the defendants.

■ Title 42, U.S. Code, Section 1988 provides, in pertinent part, "The court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." While on its face this statute would seem to make the allowance or denial of the instant motion a matter committed solely to the sound discretion of the Court, case law indicates that a Court may make such an award in favor of a defendant only where "plaintiff's claim was 'frivolous, unreasonable or groundless.'" *Bernstein by Bernstein v. Menard,* 557 F.Supp. 92 (E.D.Va. 1983), affirmed 728 F.2d 252 (1984).[1] This Court makes such a finding as to plaintiff's claim in the instant action.

Plaintiff is, or at the time of the bringing of this suit was, a prison inmate proceeding *pro se* and in *forma pauperis* against the City of Gastonia, North Carolina, and sev-

---

**1.** Quoting *Christiansburg Garment Company v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), dealing with attorney fee awards to defendants in a Title VII case. The Supreme Court addressed the question of counsel fee awards to defendants in *pro se* in *forma pauperis* prisoner cases under 42 U.S.C. 1983 in the case of *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) and affirmed the applicability of the *Christiansburg, supra,* standards although with a much less full discussion than that contained in *Christiansburg.* This

Court expressly finds plaintiff's complaint here to be "groundless" and "without foundation" as required by those standards, although pleaded in such a fashion as to withstand motions for dismissal or directed verdict. The Court now having the benefit of the evidence deems it abundantly clear that the action in this case was without ground or foundation in fact and holds that the factual determination rather than the face of the pleadings must govern where the attorney fee in question is raised after trial.

eral of its police officers. There was no evidence offered to support a claim against the City of Gastonia, and this Court directed a verdict pursuant to Rule 50, Federal Rules of Civil Procedure. With reference to the police officers, this Court permitted this case to go to the jury only on a strict application of the ancient scintilla rule. That scintilla, which kept the jury out well under half an hour, came solely from the plaintiff's mouth. His testimony was hopelessly at odds, not only with that of the defense, but with the several witnesses subpoenaed and called by plaintiff himself. Repeatedly, when they would testify to versions of the facts that differed from his own, plaintiff would badger and harass his own witnesses with such questions as, "Do you have any concept of time?" or insinuations that the witness fees paid by the defendants to subpoenaed witnesses were bribes. This approach was not successful in bringing the accounts very close to supporting plaintiff's version or giving him any evidence to convince a jury of his right to recover, or establishing for this Court a non-frivolous case.

The shabby treatment plaintiff afforded his own witnesses was not equal to that which he inflicted upon the defendants and their witnesses whom he repeatedly questioned on such subjects as whether or not they knew the governor's policy on drunk driving, what crimes other members of their families had been convicted of, and in one instance, "You're pitiful, you know that?"

Not only does it appear to the Court that an action brought by a plaintiff at no cost to himself, and indeed to his benefit by way of free trips away from his prison confinement, is frivolous when no person, including friends and others subpoenaed by the plaintiff, support his contentions, but this view is underscored by plaintiff's own incredible testimony. For example, he insisted that a second count of his complaint

(purportedly based on the second of two alleged beatings by different Gastonia Police Officers in the course of two different arrests of plaintiff) was so identical to the first in the nature of its injury that the photograph which illustrated his condition after the first "beating" was also illustrative of the second.[2] Furthermore, the testimony of disinterested witnesses called by plaintiff, including FBI Agent Brown Whitley and a contract court security officer serving under the U.S. Marshal's Service, either refuted plaintiff's version of injuries, or at best failed to support it.

Finally, as to the matter of frivolity, the Court notes that the plaintiff has brought at least 11 actions in federal court, *pro se* and in *forma pauperis*, since 1983, all of which have resulted in dismissals or no relief and one of which was found to be frivolous by the Honorable James B. McMillan.[3] Most of these suits were brought against law enforcement officers, municipal governments, or attorneys. It is apparent to the Court that plaintiff has decided that any time he is arrested or otherwise inconvenienced by a municipality or its law enforcement officers, he will inflict his own punishment upon those who dare to so treat him by subjecting them to civil actions expensive and burdensome to the municipalities and the individual employees involved but at no cost to the plaintiff and, in view of his repeated incarceration, seldom any inconvenience.

The Court is mindful of the important public policies underlying the in *forma pauperis* proceedings authorized by Title 28, U.S. Code, Section 1915. Certainly, it is commendably characteristic of our American system of justice that congress and the courts have provided a means "to assure paupers access to the federal courts to try meritorious claims...." *Xanthull v. Beto,* 296 F.Supp. 129 (S.D.Tex.1969). At the same time, Section 1915 further provides,

**2.** The photograph in evidence showed one small cut above the eye of defendant after an arrest, the circumstances of which involved a physical altercation no matter whose version of the facts is accepted.

**3.** *Robert Joe McDowell v. Michael Bernard Sanders,* C–C–83–0820–M.

"(e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases...." This, along with the ability of the Court to dismiss actions as frivolous and to certify appeals as frivolous, underscores the implicit further concern of congress "that this privilege might be abused." *Xanthull v. Beto, supra; see also Roberts v. Pennsylvania*, 312 F.Supp. 1 (E.D.Pa.1969). In other words, it is the intent of the in *forma pauperis* proceedings that the indigent be provided equal access to the courts for justice, not a superior access in order to use the courts for the harassment and abuse of those who are paying for their legal representation and taking time from other duties while opposing a penniless, incarcerated plaintiff to whom neither time nor legal services is particularly costly.

In this case, much as the Court may have been tempted, dismissal for frivolity or even allowance of defendants' motion pursuant to Rule 50, F.R.C.P. was not available due to plaintiff's own testimony in favor of these claims and the general rule that in determination of such motions, the party against whom motion is made is entitled to the benefit of every inference and that the court should not supplant the jury if there is any room whatsoever for disagreement.[4] But in view of plaintiff's already proven tendency to cry "wolf, wolf" when no wolf is about and the need to protect officers from the dilution of both their on-duty and off-duty time, as well as the public purses[5] of both Gastonia and the budget of the federal courts, some action must be taken.

Therefore, while it is unlikely that the defendants can ever realize any monetary relief from the order accompanying this memorandum, the Court nonetheless desires to offer graphic evidence to the plaintiff that this sort of manipulative abuse of the court system is not to be taken lightly. As another Court stated in awarding counsel fees to police defendants against a 1983 claimant in a frivolous case, "It appears ... that the defendants seek an award of attorney fees more symbolic than compensatory ..." *Palmer v. Coons*, 581 F.Supp. 1160 (D.Vt.1984). In common with that Court, I will make such a symbolic award.

Nonetheless, the Court will not award the full amount prayed by defendants' attorneys for several reasons. In the first place, though hourly rates set forth in affidavits offered by defendants' attorneys are not only reasonable, but indeed lower than this Court might deem reasonable, the hours submitted are subject to some question. The attorneys defending the City of Gastonia and the officers are from Winston-Salem, North Carolina. The trial of this matter was in Charlotte. The investigation was in Gastonia. Each function involved was made more time-consuming than otherwise necessary by a travel factor which in many instances cannot be determined from the face of the affidavit. Neither does the affidavit contain any information from which the Court may determine that it was necessary or reasonable to employ out-of-town counsel. Therefore, in all instances where the travel is included or not separately itemized, the Court has reduced the amount prayed. A reduction of $2,941.00 from the prayed $11,544.00 reflects those items which include travel or preparation for travel whether or not separately itemized. This leaves a balance of $8,603.00 which the Court finds to be reasonable in light of all factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), most especially with reference to the experience, reputation and ability of the attorneys in-

**4.** While the cases applying this rule are myriad, they include *Chandler v. Aero Mayflower Transit*, 374 F.2d 129 (4th Cir.1967) and *Richmond Television Corp. v. U.S.*, 354 F.2d 410 (4th Cir. 1965).

**5.** In a different context, but also relating to *pro se* in *forma pauperis* litigation, other courts have recognized that "the protection of the public purse was delegated to the discretion of the various district and circuit judges subject to various general statutory standards." *Xanthull v. Beto, supra; see also United States v. Newsome*, 257 F.Supp. 201 (N.D.Ga.1966).

volved and the time and labor required.[6] As previously noted, the rate involved is not only reasonable, but much lower than the Court would have anticipated approving for attorneys of the quality representing defendants herein. The hours, once adjusted for the travel factor, are not only reasonable, but probably lower than those actually put in since the Court has deducted those items lumped together with travel which may have amounted to considerable time blocks. In retrospect, the firm representing defendants probably devoted a good deal more time to this case than it warranted, but the Court recognizes that often the only way to make that determination is to put the hours into investigation and preparation, then to learn that the time was unnecessary. Certainly from the viewpoint of ethical representation of a client, this alternative is far better than the converse.

■ Nonetheless, the Court is reducing the award below that achieved by direct computation. The reason for this second reduction is the policy stated by the Supreme Court in *Christiansburg Garment, supra.* Therein the Court recognized the conflicting policies of deterring "the bringing of lawsuits without foundation," while leaving the way "clear ... for suits to be brought under the act" even by indigent plaintiffs whose cause is just or at least non-frivolous. 434 U.S. at 420, 98 S.Ct. at 699–700.[7] In hoping to achieve the balance desired under that result and believing that decisions in *Christiansburg* and *Bernstein* leave this Court with sufficient discretion to do so, the Court further reduces the fee award to defendants by one-half and awards to defendants as reasonable attorneys' fees the sum of $4,301.50 by order filed contemporaneously herewith.

---

**6.** This Court has considered all *Johnson* factors as outlined in footnote 2 of *Daly v. Hill*, 790 F.2d 1071 (4th Cir.1986).

**7.** While the *Christiansburg* decision, as noted in footnote 1, *supra,* involved a Title VII claim, the language and policy considerations are equally applicable to § 1983 actions. In making this second reduction the Court is further guided by the reasoning of Coffrin, Chief Judge, in *Palmer v. Coons, supra.*