**William ESTEP, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16678.**

United States Court of Appeals
Fifth Circuit.

Jan. 20, 1958.

William Estep, in pro. per., and A. J. Marshall, R. A. Neathery, Dallas, Tex., for appellant.

Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment denying the appellant's motion to vacate a five-year sentence and two thousand dollar fine imposed upon him for violating the Mail Fraud Statute, 18 U.S.C.A. § 1341, and the Securities Act, 15 U.S.C.A. § 77e(a) (1) and (2) and 77q(a). The judgment of conviction was affirmed by this Court in Estep v. United States, 1955, 223 F.2d 19.

The appellant commenced serving his five-year sentence in the Federal Correctional Institution of Seagoville, Texas on September 17, 1954. In September 1955, the appellant filed an application for a writ of habeas corpus making substan-

tially the same allegations as those contained in his later motion under 28 U.S. C.A. § 2255. The order denying his application for habeas corpus was appealed to this Court, and argued and submitted on January 31, 1957. That appeal was summarily dismissed in open court upon the statement by the Court that appellant's proper remedy, if any, was under 28 U.S.C.A. § 2255.

The appellant's motion under that section had been filed the preceding April, but a hearing of that motion had been delayed until the final termination of the habeas corpus proceeding. After this Court had dismissed the appeal from the order denying habeas corpus, the United States Attorney asked the district court to hear the motion. On March 26, 1957, the district court entered an order setting said motion for hearing on April 19, 1957 at Abilene, Texas. The court further ordered a writ of habeas corpus to issue, commanding the warden of the Federal Correctional Institute at Seagoville, Texas to produce the appellant at Abilene, Texas for the hearing. The appellant and his attorney were duly notified. Thereupon, the appellant himself requested the district court to subpoena some thirteen witnesses from Houston, Texas, six from Abilene, Texas, five from Cisco, Texas, and one each from Baytown, Texas and Alamogordo, New Mexico; and to subpoena duces tecum seven witnesses from Abilene, Houston, Amarillo, and San Antonio, Texas. Appellant further stated that: "Another list of about twenty people who will testify that there was no sale or sales promotion through the United States mails or Interstate will be sent later." The district court declined to subpoena so many witnesses, stating in a subsequent opinion denying review of the case:

"The taking of these people, some of them from a great distance, and bringing them into court unless it appeared that they would be needed and used was a matter we think that the Court should give due consideration. Acting again within his discretion with regard to the probable

value and materiality of the testimony and particularly placing a limit upon the number, the attorney for petitioner failing to show the purpose of the testimony or its materiality, made it necessary to strike names from a numerous list tendered." United States v. Estep, D.C., 151 F.Supp. 668, 670.

In its findings of fact, the district court further found:

"* * * this Court made known to A. J. Marshall (appellant's attorney) his willingness to direct the Clerk to issue certain subpoenas for defense witnesses. Defendant did not avail himself of this opportunity and on the morning of the date of said hearing, after all government witnesses had been subpoenaed and such witnesses and the defendant himself brought to Abilene at considerable expense to the government, sought permission to dismiss his motion. The Court ordered the hearing to proceed."

In addition to filing a written withdrawal of his motion on April 19, 1957, the date set for trial, the appellant's counsel sought orally on the same day to withdraw his motion. Meanwhile, the United States had filed its opposition to appellant's motion to vacate his sentence, along with its opposition to the issuance of the various subpoenas and subpoenas duces tecum requested by the appellant. The United States Attorney vigorously resisted the appellant's efforts to withdraw his motion. After hearing arguments from both sides, the district court ruled, stating to appellant's counsel: "The Court refuses to permit you to either withdraw from the case as Counsel or to dismiss this petition."

Appellant's counsel excepted to the ruling and stated:

"* * * as far as evidence is concerned, the proponent has no evidence to offer at this time.

"The Court: Well, if he has some at any other time, we are here to hear it at this time.

"Mr. Marshall: Well, we have none now, Judge.

"The Court: All right. The Government then wishes to offer evidence, and it may proceed to do it."

The Government then introduced voluminous testimony comprising, with the cross-examination of the witnesses by appellant's counsel and with the remarks of counsel and of the court, some two-hundred sixty typed pages.

One specification of error relied upon by the appellant is that: "The Court erred in failing to have witnesses subpoenaed for the Petitioner, Estep, as requested by Petitioner, prior to the time of trial."

█ Habeas corpus petitions and motions under 28 U.S.C.A. § 2255 are, of course, civil proceedings.[1] Rule 45, Federal Rules of Civil Procedure, 28 U.S.C.A., places no definite limit on the number of witnesses who may be subpoenaed in a civil action. Ordinarily, the clerk issues the subpoenas requested, even to the extent of issuing "a subpoena, or a subpoena for the production of documentary evidence, signed and sealed but otherwise in blank, to a party requesting it, who shall fill it in before service." Rule 45(a), Federal Rules of Civil Procedure.

Subdivision (c) of Rule 45, Federal Rules of Civil Procedure, provides in part: "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law." 28 U.S.C.A. § 1821 defines the per diem and mileage to which a witness is entitled.

The appellant did not request the clerk simply to issue the subpoenas and deliver them to appellant or to his counsel for service, but the clear intent of his re-

1. United States v. Hayman, 342 U.S. 205, 209, 72 S.Ct. 263, 96 L.Ed. 232; Mercado v. United States, 1 Cir., 1950, 183 F.2d 486, 487; cases collected in 39 C.J.S. Habeas Corpus § 1, p. 426, note 18.

quest was, as is indicated in this specification, of error, "to have witnesses subpoenaed," that is to have the clerk to issue and the marshal to serve the subpoenas. The appellant did not tender the per diem and mileage required for the service of the subpoenas.

■ While there had been no affidavit of poverty and no formal order authorizing the prosecution of the motion in forma pauperis as permitted by 28 U.S.C.A. § 1915, the district court, in its discretion, overlooked such omissions. That section as to proceedings in forma pauperis provides that: "Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C.A. § 1915(c). There is thus no express provision, either in the statute or in the rule, vesting in the court a discretion as to the issuance of subpoenas to an indigent party in civil proceedings similar to that provided in criminal proceedings by Rule 17(b), Federal Rules of Criminal Procedure, 18 U.S.C.A.:

> "(b) *Indigent Defendants.* The court or a judge thereof may order at any time that a subpoena be issued upon motion or request of an indigent defendant. The motion or request shall be supported by affidavit in which the defendant shall state the name and address of each witness and the testimony which he is expected by the defendant to give if subpoenaed, and shall show that the evidence of the witness is material to the defense, that the defendant cannot safely go to trial without the witness and that the defendant does not have sufficient means and is actually unable to pay the fees of the witness. If the court or judge orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness

subpoenaed in behalf of the government."

■ We think, however, that the district court had either implied or inherent power and discretion to prevent abuse of its process.[2]

■ We agree with the First Circuit that, in reason, the discretion of the court to refuse to subpoena witnesses for an indigent party in a civil proceeding cannot be less than its discretion to refuse to subpoena witnesses for an indigent defendant in a criminal prosecution:

> "* * * Even in a criminal case, where it is the district court's clear duty to order that subpoenas be issued upon the request of an indigent defendant at the cost of the government, that duty is not absolute. Rule 17(b), Federal Rules of Criminal Procedure. The court's action upon such requests is generally not reviewable in the absence of an abuse of discretion. See Goldsby v. United States, 1895, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343; Austin v. United States, 9 Cir. 1927, 19 F.2d 127; United States v. Kinzer, D.C. D.C.1951, 98 F.Supp. 6. Certainly no less discretion was allowable to the district court in this civil action, whatever the court's power may have been. Cf. Adkins v. E. I. Du Pont De Nemours & Co., 1947, 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43." Reid v. Charney, 6 Cir., 1956, 235 F.2d 47, 48.

■ The appellant has shown no abuse of discretion on the part of the district court in refusing to subpoena any of the witnesses requested.

■ Another specification of error relied upon by the appellant is that: "The Court erred in not allowing the Petitioner to withdraw his application to vacate sentence."

Rule 41(a) (1), Federal Rules of Civil Procedure, provides for the voluntary

**2.** See Crumpton v. United States, 138 U.S. 361, 364, 365, 11 S.Ct. 355, 34 L.Ed. 958; Goldsby v. United States, 160 U.S. 70, 73,

16 S.Ct. 216, 40 L.Ed. 343; United States v. Kinzer, D.C.D.C.1951, 98 F.Supp. 6, 9, and cases there cited.

dismissal of any civil action before service by the adverse party of an answer or of a motion for summary judgment. Rule 41(a) (2) provides that thereafter "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Under the circumstances of this case, more fully set out in the opinion of the district court, 151 F.Supp. 668, it is clear that there was no abuse of discretion in refusing to allow the motion to be withdrawn.

Further, the district court's denial of appellant's motion to vacate his sentence does not operate as res judicata any further than is indicated by the provision of 28 U.S.C.A. § 2255, that: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

As to the discretion vested by that provision, Judge Borah, speaking for this Court, has well said:

"* * * It is true that section 2255 does provide that the sentencing court shall not be required to entertain a second or successive motion for similar relief, but we think that this provision does not give the court unqualified discretion to refuse to entertain a second or successive motion. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965. Further, such motion should be disposed of in the exercise of a sound judicial discretion, guided and controlled by a consideration of whatever has a bearing on the propriety of the relief sought, which includes, where applicable, a prior refusal to discharge on a like application. Salinger v. Loisel, 265 U.S. 224, 230, 232, 44 S.Ct. 519, 68 L.Ed. 989."

Hallowell v. United States, 1952, 197 F. 2d 926, 928. See also Massey v. Moore, 5 Cir., 1953, 205 F.2d 665, reversed 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135.

Appellant's three remaining specifications of error relate to rulings on the evidence. If all such rulings had been in the appellant's favor, nevertheless, when we consider the fact that the appellant did not testify himself and introduced no witnesses on his own behalf, it is entirely clear from the record that he could not have sustained the burden resting on him [3] to prove any one or more of the grounds of collateral attack on his judgment of conviction or sentence as alleged in the motion. We are not, therefore, called on to review the claimed errors in ruling on the evidence.

The judgment is

Affirmed.

---

3. Voltz v. United States, 5 Cir., 1952, 196 F.2d 298, 299; United States v. Jakalski, 7 Cir., 1956, 237 F.2d 503, 505.