

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 9, 1966

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. C- 786

Re: Authority of the Comp-
troller to issue warrants
for deposit with the Uni-
ted States Marshal for use
in serving subpoenas in a
Habeas Corpus suit in
Federal Court against the
Director of the Depart-
ment of Corrections and
related questions.

Dear Mr. Calvert:

Your request for an opinion on the above subject matter
reads as follows:

"In a recent conference with me, the Chief
of the Enforcement Division of the Attorney Gen-
eral's office informed me about a problem the
Attorney General has encountered in obtaining
witnesses to testify in United States District
Courts in Habeas Corpus proceedings against Dr.
George Beto, Director of the Department of
Corrections, State of Texas. Under the Federal
Rules of practice (Federal Rules of Civil Pro-
cedure, Rule 45, and 28 U.S.C. 1921) before a
potential witness can be compelled to testify
he must be served with a subpoena by a United
States Marshall. He must also be tendered a
witness fee at the time of service. Your assistant
further informed me that the United States Marshal
would not serve subpoenas unless a deposit is
made with the Marshal before he attempts service.
Your Assistant further informed me that it is the
desire of the Attorney General in order to meet
these requirements of federal procedure to re-
quest that I prepare and issue State of Texas
warrants made payable to the name of any wit-
ness desired by the State for testifying in a
suit in United States Court. He further desired

-3769-

that I prepare and issue state of Texas warrants made payable to the United States Marshal who will serve the subpoenas in such proceedings as a deposit for their delivery.

"In the event of the voluntary appearance by a witness on behalf of Dr. Beto, you also desire that I prepare and issue a State of Texas warrant payable to the witness as a witness fee for his voluntary appearance.

"In view of this meeting with your assistant and the matters discussed, several questions arise in my mind upon which I seek your official opinion.

"1.   Since the procedure which you propose to follow in the case of a witness appearing in federal court on behalf of Dr. George J. Beto in a Habeas Corpus proceeding would be for the comptroller to issue and draw a State warrant for a witness fee before the testimony is actually given by the witness, and since in the case of service of subpoena by the U. S. Marshal the procedure would be for the comptroller to draw and issue State warrants before the witness testifies and before service of the subpoena by the U. S. Marshal, would this course of action violate Article 3, Section 50, of the Constitution of the State of Texas in that it amounts to a lending of the credit of the State of Texas?

"2.   In the event the desired witness will appear voluntarily on behalf of Dr. George J. Beto, Director of the Department of Corrections and he should then be paid by state warrant drawn and issued by the comptroller, would this action by the comptroller constitute the bestowing of a gift or gratuity to an individual in violation of Article 3, Section 51 of the Constitution of the State of Texas?

"3.   Is Dr. George Beto an individual when he is sued as a Defendant in Habeas Corpus proceedings in the Courts of the United States or is he in essence, the State of Texas?

"4.   What procedure should we follow in the event you generally conclude that warrants should be issued in the above mentioned situation as desired by your Assistant?"

Rule 45 of the Federal Rules of Civil Procedure, applicable to Habeas Corpus suits brought in Federal Court provides in part as follows:

"(a)  Every subpoena shall be issued by the clerk under the seal of the court, shall state the name of the court and the title of the action, and shall command each person to whom it is directed to attend and give testimony at a time and place therein specified.  The clerk shall issue a subpoena, or a subpoena for the production of documentary evidence, signed and sealed but otherwise in blank, to a party requesting it, who shall fill it in before service.

"
.  .  .

"(c)  A subpoena may be served by the marshal, by his deputy, or by any other person who is not a party and is not less than 18 years of age.  Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law.  When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered.  (Emphasis added)

"   .   .   ."

The per diem and mileage of witnesses in any court of the United States is governed by Title 28, U.S.C.A., Sections 1821 through 1825.  Section 1821 provides in part as follows:

"Section 1821.  A witness attending in any court of the United States, or before a United States commissioner, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall receive $4 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 8 cents per mile for going from and returning to his place of residence.  .  .  .

"   .   .   ."

Habeas Corpus proceedings in Federal Court are civil proceedings governed by the Federal Rules of Civil Procedure. Estep vs. United States, 251 F.2d 579 (5th Cir. 1958).  In that

case it was held that the district court did not abuse its discretion in refusing to subpoena witnesses requested by the appellant when the appellant did not tender the per diem and mileage required for the service of the subpoenas.

A Habeas Corpus proceeding brought in Federal Court against Dr. George Beto, Director of the Department of Corrections, State of Texas, constitutes a civil proceeding against the Director of the Department of Corrections in his official capacity rather than as an individual and is governed by Federal Rules of Civil Procedure. In the event it becomes necessary for the proper defense of such suit to subpoena witnesses on behalf of the State of Texas, a tender of the witness fee must be made at the time of service. Such tender constitutes a legitimate expense of litigation, for costs imposed by the Federal Rules of Civil Procedure, and does not amount to a lending of credit of the State of Texas in violation of Section 50 of Article III of the Constitution of Texas. Neither does it constitute a gift or gratuity to an individual in violation of Section 51 of Article III of the Constitution of Texas, nor does it constitute the grant of extra compensation to any officer, agent, servant or public contractor after such public service has been performed or contract entered into in violation of Section 44 of Article III of the Constitution of Texas, nor does it violate any other provision of the Constitution of Texas.

You are, therefore, advised that the Comptroller of Public Accounts has the authority to issue such warrants as may be necessary to tender fees required by the Federal Rules of Civil Procedure for the subpoena of witnesses necessary to the proper defense of habeas corpus proceedings brought against the Director of the Department of Corrections in federal court.

In our opinion, the warrants should be issued upon vouchers executed by authorized personnel of either the Attorney General's Office or the Department of Corrections payable to the United States Marshal for the purpose of tendering witness fees and mileage to individuals subpoenaed or payable to the witness to be subpoenaed.

## S U M M A R Y

The Comptroller of Public Accounts is authorized to issue warrants for the deposit of witness fees necessary to be tendered in habeas corpus proceedings brought against the Director of the Department of Corrections, State of Texas, in Federal Court.

Hon. Robert S. Calvert, page 5 (C- 786)

                              Yours very truly,

                              WAGGONER CARR
                              Attorney General

                         By: John Reeves
                             John Reeves
                             Assistant

JR:mh:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Pat Bailey
Robert Flowers
Gordon Cass
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright