**Winston O. LLOYD, Plaintiff-Appellant,**

v.

**H.S. McKENDREE, etc.,
Defendant-Appellee.**

**Winston O. LLOYD, Plaintiff-Appellant,**

v.

**Henry HINES, etc., Defendant-Appellee.**

**No. 84–3073
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 3, 1985.

---

Gayle S. Swedmark, Tallahassee, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

This is an appeal in two consolidated Sec. 1983 cases.

The district court did not err in finding that petitioner was arrested with probable cause. The testimony was in conflict, and the court did not believe petitioner's witnesses.

Nor did the court err in finding that petitioner was not placed in administrative confinement for punitive reasons but for a legitimate purpose of preventing him from intimidating a witness who was to testify in a matter involving petitioner.

The evidence supports findings that petitioner was not denied medical care, that conditions of confinement were not unconstitutional, and that petitioner had reasonable access to the courts.

The court did not abuse its discretion in denying petitioner's untimely request for a jury trial.

The district court refused to subpoena petitioner's former attorney to testify without tender of fees. The court ruled that a witness in a civil case must be tendered fees before service of the subpoena is complete and that 28 U.S.C. § 1915(c), which provides for proceedings in forma pauperis, does not abrogate this requirement. Under Fed.R.Civ.Pr. 45(c) service of a subpoena in a civil case must include the tendering of fees unless the subpoena is issued on behalf of the United States. 28 U.S.C. § 1915(a) specifies that a court "may authorize the commencement ... of any suit ... without prepayment of fees and costs

...." (emphasis added). Likewise, while the Fifth Circuit has suggested that district courts have either the implied or inherent power to subpoena witnesses for an indigent civil litigant, this power is discretionary. *Estep v. U.S.*, 251 F.2d 579 (5th Cir. 1958).

The district court is required to issue subpoenas for indigent parties only in criminal proceedings, *see* Fed.R.Crim.Pr. 17(b), and in civil proceedings for a writ of habeas corpus or pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 1825. *See also* S.REP. NO. 615, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S.Code Cong. & Ad.News 2901; *Hudson v. Ingalls Shipbuilding Division*, 516 F.Supp. 708 (S.D. Ala.1981); *Dortly v. Bailey*, 431 F.Supp. 247 (M.D.Fla.1977). Since this is not such a case, it was within the district court's discretion to deny the subpoena request. Lloyd has shown no abuse of this discretion. *Estep*, 251 F.2d at 582.

AFFIRMED.