**Theotis Lee HODGE, Jr., Plaintiff,**

v.

**Billy PRINCE, et al., Defendants.**

**Civ. A No. CA3–87–2831–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 16, 1990.

Theotis Lee Hodge, Jr., Huntsville, Tex., pro se.

Thomas P. Brandt, Asst. City Atty., Dallas, Tex., for the City of Dallas, Tex.

FITZWATER, District Judge:

The court is asked to decide whether an indigent prisoner proceeding *in forma pauperis* in a civil action that does not seek federal habeas relief is entitled to obtain issuance of a subpoena without paying the witness fees required by 28 U.S.C. § 1821. Concluding that no such right arises by statute or pursuant to the constitutional right of access to the courts, the court affirms an order of the U.S. Magistrate declining to issue a subpoena without payment of the fees.

I

On September 15, 1986 Dallas police officers Teddy D. Weeks ("Weeks") and Kevin L. Ross ("Ross") responded to a report of an assault. The report was telephoned to the Dallas Police Department by a woman claiming to be the mother of plaintiff Theotis Lee Hodge ("Hodge"). Upon arriving on the scene, officers Weeks and Ross determined the woman was in fact Hodge's mother. They asked Hodge to step outside, which he did.

Once outside, the officers instructed Hodge to leave the premises or be taken to jail. Hodge refused to depart and was arrested on charges of criminal trespass and transported to jail. Hodge was later charged with criminal retaliation against Weeks. On January 6, 1987 a mistrial was declared in Hodge's trial on the retaliation charge. Following the trial court's refusal to dismiss the indictment, Hodge pleaded *nolo contendere* to the retaliation charge and was sentenced to two years in prison. Hodge's conviction was affirmed on appeal. *Hodge v. State*, 756 S.W.2d 353 (Tex.App. 1988, no pet.).

On December 2, 1987 Hodge instituted this *pro se* action against Weeks, Ross, and Billy Prince ("Prince"), the then City of Dallas Chief of Police. Hodge alleged a variety of constitutional claims, federal statutory violations, and state common law rights of recovery, seeking relief pursuant to 42 U.S.C. § 1983, as well. The U.S. Magistrate granted Hodge leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

On November 13, 1989 Hodge moved the court to issue a subpoena *duces tecum* to the District Clerk of Dallas County, Texas, ordering the District Clerk to appear at a deposition and to produce all trial records, including court reporter's notes, generated in Hodge's state case. Hodge contended the court had the power to do so "pursuant to the Federal Rules of Civil Procedure, including, but not limited to, Rule 40." Hodge alleged that he needs the trial court record "for impeachment purposes" when his lawsuit is tried or for any subsequently filed motion for summary judgment. The court referred Hodge's motion to the magistrate, who denied the relief requested. The magistrate determined that the court lacked authority under 28 U.S.C. § 1915 to waive the payment of the witness fees and that Hodge did not make a sufficient showing to justify the court's issuing the subpoena as a matter of discretion. Hodge now appeals, contending he is entitled to procure the attendance of necessary witnesses without advance payment of fees and travel expenses by virtue of Fed.R. Civ.P. 45(c), 28 U.S.C. § 1915, and the constitutional right of access to the courts recognized in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and other Supreme Court decisions.

## II

### A

The court begins by noting the standard of review that applies to orders of the magistrate entered in non-dispositive matters. Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate to hear and determine, with certain exceptions not pertinent here, any pretrial matter pending before the court. Under our Miscellaneous Order No. 6, Rule 4(b)(2), *reprinted in* Texas Rules of Court: Federal at 131–32 (West Pamp.1989), no ruling of the magistrate in a matter that the magistrate is empowered to hear and determine shall be reversed, vacated, or modified on appeal unless the district judge shall determine, *inter alia*, that the magistrate's ruling is clearly erroneous, contrary to law, or constitutes an abuse of discretion.

### B

Hodge contends the magistrate's order is contrary to law because Fed.R.Civ.P. 45(c), 28 U.S.C. § 1915(a), and an indigent prisoner's constitutional right of access to the courts entitle him to issue a subpoena to, and to procure the production of records from, a non-party witness without payment of fees. The court first addresses the question whether § 1915(a) confers upon Hodge the right he seeks,[1] since it is a fundamental and long-standing principle of judicial restraint that a court will avoid reaching a constitutional question if it can decide the issue on a statutory ground. *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445, 108 S.Ct. 1319, 1323, 99 L.Ed.2d 534 (1988); *see Edward J. DeBartolo Corp. v. N.L.R.B.*, 463 U.S. 147, 158, 103 S.Ct. 2926, 2933, 77 L.Ed.2d 535 (1983) (until statutory question decided, review of constitutional issue is premature).

### 1

Section 1915(a) empowers the district court to authorize the commencement of a civil action without prepayment of fees

---

1. The court need not address Fed.R.Civ.P. 45(c). The only portion of the Rule that concerns non-payment of fees and mileage pertains to subpoenas issued on behalf of the United States or an officer or agency thereof. Plaintiff does not qualify as an officer under this proviso and any subpoena obtained by him would not be issued on behalf of the United States or an agency thereof. Under Fed.R.Civ.P. 45(c), service of a subpoena in a civil case must include the tendering of witness fees unless the subpoena is issued on behalf of the United States. *Lloyd v. H.S. McKendree*, 749 F.2d 705, 706 (11th Cir. 1985).

or costs by a person unable to pay such costs. Section 1915(c)[2] provides in part that "[w]itnesses shall attend as in other cases, and the same remedies shall be available as are provided by law in other cases." Although the Fifth Circuit has not squarely addressed the question whether § 1915(c) provides a statutory waiver of witness fees,[3] the courts of appeals that have decided the issue have uniformly held that § 1915 does not provide the necessary authority for such a waiver. *See McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987), *cert. denied*, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1056–1057 (8th Cir.1984) (en banc); *Johnson v. Hubbard*, 698 F.2d 286, 289–290 (6th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). In *Means* the *en banc* Eighth Circuit recognized that the plain language of § 1915 provides no basis for the waiver of witness fees and expenses. 741 F.2d at 1056. By examining the legislative history, the court became "convince[d] ... that [§ 1915] neither expressly nor implicitly authorizes the payment of the witness fees and expenses...." *Id.* at

1057. The Sixth Circuit in *Hubbard* followed a different path to the same result, reasoning that Congress' failure to amend § 1915 to allow for payment of witness fees in civil cases at the same time it passed 28 U.S.C. § 1825 to allow for payment of such fees in criminal cases precluded a finding that § 1915 authorizes the payment of witness fees in a civil case. 698 F.2d at 290. The Seventh Circuit relied on both cases in concluding a district court has no authority to waive payment of witness fees for an indigent litigant. *McNeil*, 831 F.2d at 1373.

This court gives § 1915(c) the same plain reading as did the Eighth Circuit in *Means*, and therefore concludes § 1915(c) does not provide the necessary statutory authority to waive the witness fees required by 28 U.S.C. § 1821(a)(1).[4] Section 1915(c) states only that witnesses shall attend as in other cases; it does not waive the requirement that witness fees be paid by the party who procures the subpoena.

Moreover, the specific government funding provisions delineated in § 1915(b)[5] com-

**2.** 28 U.S.C. § 1915(c):
The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

**3.** The Fifth Circuit has suggested that district courts have the implied or inherent power to subpoena witnesses for an indigent civil litigant, *Estep v. United States*, 251 F.2d 579, 582 (5th Cir.1958), but has held that the district court's exercise of this power is discretionary. *Gibbs v. King*, 779 F.2d 1040, 1047 (5th Cir.), *cert. denied*, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986); *Estep*, 251 F.2d at 582. To the extent Hodge contends the court should exercise its discretionary power to grant the relief he requests, the court finds no abuse of discretion in the decision of the magistrate. *See infra* 730 F.Supp. at 752, where the magistrate's order is set forth as an appendix to this opinion. The magistrate declined to permit Hodge to obtain his state court records without paying the required fees, finding that Hodge was competent to respond to any summary judgment motion since he is complaining of conduct toward him personally, *id.*, because he has failed to identify any aspect of the state court testimony which is inconsistent with a defendant's present position, *id.*, and since plaintiff has not shown he cannot fully explore any prior inconsistent statements by way of trial cross-examination, *id.* The mag-

istrate acted well within his discretion in declining to grant relief for the reasons stated in his order.

**4.** 28 U.S.C. § 1821(a)(1):
Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

**5.** 28 U.S.C. § 1915(b):
Upon the filing of an affidavit in accordance with subsection (9) of this section, the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under Section 636(b) of this title or under Section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to Section 636(c) of this title. Such expenses shall be paid when au-

pel the conclusion that Congress did not intend for § 1915(c) to constitute an additional draw on the public exchequer. *See Means,* 741 F.2d at 1056. A contrary construction of § 1915(c) would require the court to infer congressional intent that is not apparent from the text, structure, or legislative history of the statute. *See id.* at 1056; 1057; *Hubbard,* 698 F.2d at 290. This the court declines to do.

2

Having concluded § 1915(c) does not authorize the district court to waive the witness fees required by 28 U.S.C. § 1821, the court next considers whether an indigent prisoner's inability to obtain a subpoena without paying the required fees violates the Constitution.

■ It is beyond dispute that a prisoner has a constitutional right of access to the courts. *E.g., Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Ex parte Hull,* 312 U.S. 546, 549, 61 S.Ct. 640, 641, 85 L.Ed. 1034 (1941); *Chambers v. Baltimore & Ohio R.R.,* 207 U.S. 142, 148, 28 S.Ct. 34, 35, 52 L.Ed. 143 (1907); *Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir.1989). The right springs in part from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment. *Crowder,* 884 F.2d at 811 n. 7; *see generally Ryland v. Shapiro,* 708 F.2d 967, 971–972 (5th Cir.1983). The right of access is fundamental. *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498.

■ In its most apparent form, the right of access protects one's physical access to the courts. *Crowder,* 884 F.2d at 811. Thus, prison officials cannot refuse to convey or otherwise block transmission of legal documents that prisoners wish to send to the courts. *Id.* (citing *Ex parte Hull,* 312 U.S. at 549, 61 S.Ct. at 641). Prison officials may not deliberately delay mailing legal papers when they know such delay will effectively deny a prisoner access to the courts. *Jackson v. Procunier,* 789 F.2d 307, 310–312 (5th Cir.1986). They may not deny prisoners access to "ade-

quate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498; *see Mann v. Smith,* 796 F.2d 79, 83 (5th Cir.1986). Nor may prison officials take other actions—such as confiscating legal papers—that have a similar effect. *Crowder,* 884 F.2d at 811; *Simmons v. Dickhaut,* 804 F.2d 182, 184–85 (1st Cir.1986); *Sigafus v. Brown,* 416 F.2d 105, 107 (7th Cir.1969).

Hodge contends the constitutional right of access "includes the right to present evidence through necessary witnesses to prove an inmate[']s case, especially case arising under Sec. 1983 ..." and, therefore, the Constitution requires waiver of the payment of witness fees for indigent prisoners involved in civil litigation. The court disagrees.

■ There is a recognized distinction between actual access to the courts and procedures essential to the trial process. *See Hubbard,* 698 F.2d at 288. While it is clearly impermissible to obstruct a prisoner's physical access to the courts, or to take actions that effectively deny court access, it is not constitutionally repugnant to require an indigent civil litigant to comply with rules necessary to facilitate the functioning of the justice system. Thus, requiring compliance with procedures that make the trial process possible—such as payment of transcript costs, expert witness fees, and fees to secure depositions—presents no constitutional infirmity. *See id.* at 289; *McNeil,* 831 F.2d at 1373.

■ The Constitution has been interpreted to mandate that an indigent prisoner have physical access to the courts and an opportunity to present his claims. Hodge possesses that right in the present case, and is not barred from access solely because the court declines to waive the payment of witness fees. Moreover, to expand the right of access in the manner Hodge suggests would arguably confer a panoply of heretofore unrecognized rights upon all indigent civil litigants, not merely upon prisoners. Drawing upon the principle that "access" encompasses the right to the

thorized by the Director of the Administrative Office of the United States Courts.

same litigation tools enjoyed by pecunious litigants, indigent civil plaintiffs could claim entitlement even to appointed counsel. The court declines to discover a right that is not fairly discernible from the Constitution.

### III

The court concludes neither 28 U.S.C. § 1915(c) nor the constitutional right of access to the courts entitles Hodge to procure issuance of the subpoena in question without paying the required fees. Thus, the magistrate's order denying Hodge's motion for a subpoena *duces tecum* neither amounted to an abuse of discretion nor was contrary to law and is, accordingly,

AFFIRMED.

### APPENDIX

### ORDER

Pursuant to the District Court's order of reference filed on November 14, 1989, came on to be considered Plaintiff's Motion for the Court to Issue Subpoena Duces Tecum filed on November 13, 1989, and the court finds and orders as follows:

Plaintiff seeks an order issuing a subpoena *duces tecum* on the District Clerk of Dallas County, Texas, requiring him to appear and produce the trial records from Plaintiff's criminal trial in *State of Texas v. Theotis Lee Hodge,* No. F–86–92387–H, i.e. the transcripts and statements of facts. Hodge was previously granted leave to proceed in this action in *forma pauperis* pursuant to 28 U.S.C. § 1915(a). An examination of the docket sheet reflects that no trial setting has been made.

In my opinion the same should be denied because the court is without authority to waive the payment of a witness fee under § 1915, and alternatively Plaintiff has not made the requisite showing to require the court, in its discretion, to issue the subpoena without Plaintiff's tendering of the witness fee.

Of the several circuits which have squarely addressed the issue of whether a civil plaintiff proceeding in *forma pauperis* is entitled to have subpoenas issued without prepayment of the witness fee, the courts have uniformly held that no statutory authority exists permitting a court to issue subpoenas, at government expense, on request by an indigent plaintiff. *Johnson v. Hubbard,* 698 F.2d 286, 289–90 (6th Cir.), cert. den. [464 U.S. 917] 104 S.Ct. 282[, 78 L.Ed.2d 260] (1983); *United States Marshals Service v. Means,* 741 F.2d 1053 *(en banc)* (8th Cir.1984); *McNeil v. Lowney,* 831 F.2d 1368 (7th Cir.1987), cert. den. [485 U.S. 965] 108 S.Ct. 1236[, 99 L.Ed.2d 435] (1988).

The Fifth Circuit has never directly addressed a federal court's authority to issue subpoenas on behalf of an indigent plaintiff at government's expense, but has examined the decision of a district court under an abuse of discretion standard. E.g. *Gibbs v. King,* 779 F.2d 1040, 1046–47 (5th Cir.) cert. den. 476 U.S. 1117, 106 S.Ct. 1975 [90 L.Ed.2d 659] (1986), citing its earlier decision in *Estep v. United States,* 251 F.2d 579, 582 (5th Cir.1958); see also *Lloyd v. McKendree,* 749 F.2d 705, 706–707 (11th Cir.1985).

Hodge seeks copies of his trial records from the state criminal proceedings for his use in responding to any motion for summary judgment and for use at trial to impeach Defendants Weeks and Ross, based upon his representation that each was called as a witness in the first trial in No. F–86–92387–H.

Since Plaintiff is complaining of conduct toward him personally, it is clear that he is competent to respond to any motion for summary judgment which might be filed in this action, and he does not need to resort to his prior trial record to show that genuine issues of fact exist. While he argues that these Defendants prior testimony might be helpful for impeachment purposes, he has identified no aspect of their prior testimony which is inconsistent with their presently asserted positions. Moreover, there is no showing that these Defendants will not be present at trial at which he can fully explore in his examination any prior inconsistent statements which he claims they may have made. In short, Hodge has failed to show any compelling

need for the entire trial proceedings, assuming a statement of facts was presented.[1]

IT IS, THEREFORE, ORDERED that Plaintiff's motion for issuance of subpoena is denied.

A copy of this order shall be transmitted to Plaintiff and counsel for Defendants.

ENTERED this 16th day of November, 1989.

/s/ Wm. F. Sanderson
UNITED STATES MAGISTRATE

---

**1.** Hodge's first criminal trial concluded with a mistrial being granted. His appeal was predicated on his conviction which was entered pursuant to a plea bargain in which he entered a plea of nolo contendere. See *Hodge v. State of Texas,* 756 S.W.2d 353 (Tx.App.—Dallas, 1988).