[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2010
JOHN LEY
CLERK

No. 08-14236
Non-Argument Calendar

_____

D. C. Docket No. 06-14066-CV-KMM

GLENN C. SMITH,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant,

SERGEANT C. THOMAS,
in his individual capacity,
A.C. WILLIAMS,
in his individual capacity,
OFFICER FULCHER,
OFFICER C. MARTENS, JR.,
OFFICER A. SCHULTHEISS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(March 9, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Glenn C. Smith, a state prisoner, filed a pro se complaint against seven defendants associated with the Martin Correctional Institution under 42 U.S.C. § 1983 and state tort laws. Smith alleged that correctional officers, in retaliation for his filing of grievances, submitted false disciplinary reports and used excessive force. After the district court granted, in part, the defendants' motions to dismiss and their motion for summary judgment, the case proceeded to trial against Sergeant C. Thomas and A.C. Williams.[1] The jury issued a verdict in the defendants' favor, and the district court denied Smith's motion for a new trial. In this pro se appeal, Smith contends that the district court abused its discretion by denying his motions for appointment of counsel, for assistance in securing evidence and witnesses, to continue the trial until he obtained additional evidence, and for a new trial. Smith also contends that the district court's injunctive order

_____

[1] Smith does not challenge the district court's pretrial rulings disposing of certain defendants and claims. Although we liberally construe pro se briefs, those issues have been abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

2

prohibiting him from filing any new petitions in forma pauperis (IFP) violates his due process and is not supported by the record. We affirm.

Smith first contends that the district court should have granted his motions for appointment of counsel. The plaintiff in a civil case, however, has no constitutional right to counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The decision to appoint counsel is within the district court's discretion, id. at 1319, and the court should appoint counsel only in exceptional circumstances, "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). "The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). The district court acted within its discretion by refusing to appoint counsel for Smith. The facts and issues in this case are simple, and Smith has extensive litigation experience—he has filed over 130 previous actions in state and federal courts. The court also noted that he was doing a "good job standing up and talking on [his] feet" at the pretrial proceedings.

Smith also contends that the district court erred by denying his motion to compel non-party discovery, by declining to issue subpoenas on his behalf, and by

refusing to issue a writ of habeas corpus ad testificandum. We review those decisions only for an abuse of discretion. See Iraola & CIA, S.A v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003) (discovery); United States v. Lee, 68 F.3d 1267, 1272 (11th Cir. 1995) (subpoenas); United States v. Wright, 63 F.3d 1067, 1070 (11th Cir. 1995) (habeas corpus ad testificandum). Our review is highly deferential, and "we will not second-guess the district court's actions unless they reflect a clear error of judgment." Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006) (internal quotation omitted).

"Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citation and internal citations omitted). Once a pro se litigant is in court, "he is subject to the relevant laws and rules of the court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The district court properly denied Smith's motion to compel non-party discovery because Smith did not submit proof of service to the district court. See Fed.R.Civ.P. 45(b). In refusing to subpoena witnesses, the district court acted

4

within its discretion because Smith had not tendered the fees that must be paid before service of a subpoena is complete. See Lloyd v. McKendree, 749 F.2d 705, 706–07 (11th Cir. 1985) (holding that 28 U.S.C. § 1915(c), which in 1996 was redesignated as § 1915(d), does not abrogate the requirement that fees must be tendered before service of the subpoena); Fed.R.Civ.P. 45(b)(1).

A prisoner's presence at trial is secured by a writ of habeas corpus ad testificandum, the grant or denial of which is "committed to the sound discretion of the district court." United States v. Rinchack, 820 F.2d 1557, 1567 (11th Cir.1987); see Wright, 63 F.3d at 1070. "The discretionary grant of the writ of habeas corpus ad testificandum is predicated on several factors, including, whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, and the expense of the prisoner's transportation and safekeeping." Pollard v. White, 738 F.2d 1124, 1125 (11th Cir. 1984) (internal quotation marks omitted). Smith wanted two inmates to testify at trial, but one of them could not be located by Smith or the district court. Smith failed to state why the other inmate's testimony would be important. He also admitted at a calendar call that he did not pre-pay witness and mileage fees in accordance with Rule 45(b)(1). Moreover, Smith filed his petitions only one week before trial even though he had ample notice of the trial date. See Rinchack, 820

5

F.2d 1557 ("[A] district court may refuse to issue a writ of <u>habeas corpus ad</u> <u>testificandum</u> solely on the grounds that the petition is untimely . . . if the defendant had adequate notice of the trial date."). We therefore conclude that the district court did not abuse its discretion in refusing to issue a writ of <u>habeas corpus</u> <u>ad testificandum</u>.

Smith argues that the district court erred by denying his motion for a continuance, a ruling that we review only for an abuse of discretion. <u>Quiet Tech.</u> <u>DC-8, Inc. v. Hurel-Dubois UK Ltd.</u>, 326 F.3d 1333, 1350–51 (11th Cir. 2003); <u>Hashwani v. Barbar</u>, 822 F.2d 1038, 1040 (11th Cir. 1987) ("The denial of a continuance is within the broad discretion of the district court and will not be overturned unless arbitrary or unreasonable."). When Smith requested a continuance, the case had already been on the district court's docket for two years. Smith had received adequate time to prepare, and a continuance would have inconvenienced the court and the defendants. The district court therefore did not abuse its discretion in denying a continuance.

The district court's denial of a motion for new trial is reviewed only for abuse of discretion. <u>Lipphardt v. Durango Steakhouse</u>, 267 F.3d 1183, 1186 (11th Cir. 2001); <u>Rosenfield v. Wellington Leisure Prods., Inc.</u>, 827 F.2d 1493, 1498 (11th Cir.1987). The district court did not abuse its discretion because, as we

explained above, Smith was not entitled to appointed counsel, and he had sufficient time to obtain counsel, evidence, and witnesses. Moreover, we will not speculate as to potential errors at the trial because Smith has failed to provide this Court with a complete trial transcript. See Coady v. D.A.N. Joint Venture III, L.P. (In re Coady), 588 F.3d 1312, 1316 n.5 (11th Cir. 2009); Selman v. Cobb County Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006).

Smith also contends that the district court erred by enjoining him from filing future requests to proceed IFP because he was a "three striker" under 28 U.S.C. 1915(g). We review de novo the district court's interpretation of § 1915(g), the filing-fee provision of the Prison Litigation Reform Act, and its determination of qualifying strikes. See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007). We review the scope of a § 1915(g) injunction only for an abuse of discretion. Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008).

Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

7

28 U.S.C. § 1915(g). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (internal quotation omitted).

Smith concedes that the district court properly determined that two of his prior cases qualify as strikes. The district court erred, however, because the third case it cited as a strike was vacated by this Court and remanded for further proceedings. Despite that mistake the district court reached the right conclusion. We take judicial notice of the fact that Smith has at least one other case (for a total of at least three) that was dismissed for failure to state a claim or found to be frivolous. Smith therefore cannot proceed in future civil cases without prepaying the filing fee under § 1915, unless a statutory exception applies. See In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir. 1995) ("[T]his Court may take judicial notice of another court's order for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation and related filings." (internal quotation omitted)); McCoy v. United States, 266 F.3d 1245, 1254 (11th Cir. 2001) (we may affirm on any ground supported by the record).

Smith also argues that the injunction is too broad, especially because it concerns his activities in "every court of the United States." Contrary to Smith's assertions, however, the district court did not totally prohibit him from filing future

8

complaints or petitions. Unlike <u>Miller</u>, 541 F.3d at 1099, where we held that a particular "§ 1915(g)-plus" injunction was an abuse of discretion, the scope of the injunction in this case matches the scope of the PLRA. The injunction only prohibits Smith from filing IFP petitions in civil cases that are litigated in federal court. It does not affect filings where Smith pays the appropriate fee, criminal cases, or litigation in state courts. The district court quoted § 1915 in full—including its exception for cases where the prisoner is in danger of serious physical injury—and did not add any sanction beyond what the statute specifically permits. The district court's injunction was not an abuse of discretion.[2]

    **AFFIRMED.**

---

[2] Smith also raises several constitutional objections to the district court's injunctive order, but those are foreclosed by our prior panel precedent. <u>See</u> <u>Rivera</u>, 144 F.3d at 732 (holding that § 1915(g) does not violate a prisoner's right to access the courts, separation of powers, due process, or equal protection).