**RESOLUTION TRUST CORPORATION**
in Its Corporate Capacity, Plaintiff,

v.

John B. SANDS, et al., Defendants.

Civ. A. No. 3:93–CV–0956–D.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 12, 1993.

John A. Scully and John M. Sjovall of Cowles & Thompson, P.C., and Sabrina C. Arellano and Andrew F. Emerson of Arellano & Emerson, L.L.P., Dallas, TX, for plaintiff.

Schuyler B. Marshall and Stephen C. Rasch of Thompson & Knight, Dallas, TX and Rosemary Stewart of Jones, Day, Reavis & Pogue, Washington, DC, for defendants.

FITZWATER, District Judge:

This appeal from an order of a magistrate judge denying a motion for protective order presents recurring questions concerning the obligations of the Resolution Trust Corporation ("RTC") to respond to a Fed.R.Civ.P. 30(b)(6) notice of deposition, and the discretion vested in a magistrate judge to determine how discovery will be conducted. Finding no basis to disturb the magistrate judge's ruling, the order is affirmed.

## I

This is an action by plaintiff RTC against defendants John B. Sands, David K. Sands, Laurie H. Sands Harrison, H. Martin Hearne, Curtis Todd Miller, Richard L. Park, James D. Alexander, Donald W. Crisp, individually and as trustee of the Caroline Hunt Trust Estate, and William F. Conger, all of whom are former officers or directors of the failed Southwest Savings Association ("SSA"). The RTC asserts that defendants are liable for negligence, gross negligence, and breach of fiduciary duty resulting from their failure to manage and oversee SSA's commercial real estate program during the 1980's. The RTC contends that defendants' conduct resulted in loan losses in excess of $140 million.

Four of the defendants served a Rule 30(b)(6) notice of deposition *duces tecum* upon the RTC, requesting that it designate a person to testify concerning six specific topics. The RTC moved for and obtained a protective order from the magistrate judge on grounds not relevant to the present appeal. The parties thereafter agreed to a date on which the deposition would be taken. Defendants then amended their deposition notice to include these three additional topics: (1) the RTC's claims that the defendants were negligent, grossly negligent, or breached their fiduciary duties; (2) the source, usage, and content of the prudent underwriting standards and guidelines referred to in ¶ 24 of the RTC's complaint; and (3) the RTC's claims for damages, including the causes and calculation thereof. *See* Am.Not.Dep. at 3.

In response to the amended notice, the RTC filed a second motion for protective order in which it sought to quash discovery concerning the additional topics. The magistrate judge convened a hearing, following which he denied the motion. The magistrate judge held (1) there was nothing improper or oppressive about the topics of inquiry con-

tained in the amended notice of deposition; (2) the RTC's suggestion that defendants pursue discovery through other means was unpersuasive because the RTC's responses to interrogatories indicated that defendants had enjoyed little success obtaining the requested information by alternative methods; and (3) the RTC's blanket assertion of privilege in its motion for protective order was without merit. The RTC sought and obtained from this court a stay of the magistrate judge's order, and the RTC's appeal is now before the court for determination.

The RTC seeks reversal of the magistrate judge's ruling, contending it is clearly erroneous and contrary to law for four reasons: (1) it requires the RTC to produce as a witness a person who lacks personal knowledge regarding the topics in question, when there are less burdensome means to obtain the information; (2) it obligates the RTC to produce an expert witness as opposed to a fact witness; (3) it could require the RTC to divulge information in the form of attorney work product or information accumulated by the RTC in anticipation of litigation; and (4) the discovery sought is unreasonable, unduly burdensome, and expensive. Defendants urge that the order be affirmed.[1]

## II

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and determine, with certain exceptions not pertinent here, any pretrial matter pending before the court. *Hodge v. Prince,* 730 F.Supp. 747, 749 (N.D.Tex.1990). Under this court's Miscellaneous Order No. 6, Rule 4(b)(2), *reprinted in* Texas Rules of Court: Federal at 256 (West Pamp.1993), no ruling of the magistrate judge in a matter that the magistrate judge is empowered to

hear and determine shall be reversed, vacated, or modified on appeal unless the district judge shall determine, *inter alia,* that the magistrate judge's findings are clearly erroneous, or that the ruling is contrary to law, or constitutes an abuse of discretion. *See Hodge,* 730 F.Supp. at 749; *Varo, Inc. v. Litton Sys., Inc.,* 129 F.R.D. 139, 141 (N.D.Tex.1989).

### A

The RTC first contends the magistrate judge erred in denying protective relief because the deposition notice requires the RTC to produce as a witness a person who lacks personal knowledge regarding the topics in question, when the requested information can be obtained by less burdensome means. The RTC argues that the ruling is clearly erroneous and contrary to law because (1) the RTC lacks an individual with personal knowledge concerning the loan transactions that form the basis of its lawsuit, since defendants' relevant acts and omissions occurred during the 1980's and the RTC was not appointed as receiver for SSA until June 1990;[2] (2) there are less burdensome means of obtaining the information requested; and (3) defendants have failed to demonstrate that Rule 30(b)(6) requires the RTC to educate and produce a witness to testify concerning global topics of inquiry.

### 1

The RTC has not shown that the magistrate judge acted contrary to law or made a clearly erroneous factual finding in denying the RTC relief based on its lack-of-knowledge and burden contentions. The magistrate judge did not err as a matter of law because Rule 30(b)(6)[3] requires that an

---

1. Defendants contend the court should deny the RTC's appeal on equitable grounds based upon the manner in which the RTC sought and obtained a stay of the magistrate judge's order. This argument lacks merit.

2. RTC concedes that it has an individual with personal knowledge concerning the calculation of damages incurred as a result of the loans, but lodges other objections to this request. *See* P.App.Review at 7 n. 2.

3. Fed.R.Civ.P. 30(b)(6):

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

organization designate a witness to "testify as to matters known or reasonably available to the organization." *See S.E.C. v. Morelli,* 143 F.R.D. 42, 45 (S.D.N.Y.1992) (rejecting contention "that Rule 30(b)(6) is only intended to apply 'to actions in which a governmental agency or someone in its employ has participated in the transactions or events in controversy or has actual knowledge of facts or information relevant to the action.'"); *FDIC v. Butcher,* 116 F.R.D. 196, 201 (E.D.Tenn.1986) (Murrian, Mag. J.), *aff'd,* 116 F.R.D. 203 (E.D.Tenn.1987). Nor has the RTC shown that the magistrate judge's ruling is clearly erroneous. A factual finding is not clearly erroneous unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). If the trier of fact's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it. *Id.* at 573–74, 105 S.Ct. at 1511. The RTC does not even challenge a factual finding of the magistrate judge. Instead, under the mistaken rubrics of "clearly erroneous" and "contrary to law," the RTC submits to the court examples of decisions made by other judicial officers in other cases, urging that the magistrate judge should have taken a similar approach in the present case. *See* P.App.Review at 8–11.

■ At most, these arguments posit a basis for finding abuse of discretion, but none has been shown. It should not be considered a novel proposition that judicial officers (even, as here, magistrate judges of the same court) would approach a similar issue differently. This is the essence of the exercise of discretion. So long as that discretion is not abused, a district judge will not disturb the magistrate judge's decision, even if another magistrate judge—or even the reviewing district judge—might have decided the matter differently. It is simply not enough for the RTC to point to other decisions that it deems preferable or better reasoned, without demonstrating that the order under review constitutes an abuse of discretion. *See Sanders v. Shell Oil Co.,* 678 F.2d 614, 618 (5th Cir.

1982) (noting it is "unusual to find an abuse of discretion in discovery matters").

**2**

■ The RTC next contends the magistrate judge clearly erred and acted contrary to law by failing to grant protective relief when less burdensome means for obtaining the information are available.

What the court has said above at § II(A)(1) is largely applicable here. With one exception, to which the court will turn, the RTC has not advanced challenges based upon errors of law or fact. It has instead pointed to decisions by other judicial officers and argued that the magistrate judge abused his discretion. *See* P.App.Review at 11–14. No such abuse has been shown.

The RTC does contend the magistrate judge clearly erred in finding that the exhibits produced by the defendants in opposition to the RTC's motion for protective order indicate the defendants have had little success in acquiring the requested information by other methods of discovery. *See id.* at 12. In order for a factual finding to be clearly erroneous, the reviewing court must be left with a definite and firm conviction that a mistake has been committed. *See Anderson,* 470 U.S. at 573, 105 S.Ct. at 1511. The RTC has not demonstrated clear error, and the court rejects this argument.

**3**

The RTC argues that defendants failed to demonstrate that Rule 30(b)(6) requires the RTC to educate and produce a witness concerning global topics of inquiry. This part of the RTC's appellate brief contains portions or all of four pages, in which the RTC attempts to refute case authorities apparently advanced by the defendants in support of their arguments before the magistrate judge. *See* P.App.Review at 14–17. None of the reasoning proffered by the RTC demonstrates a basis to disturb the magistrate judge's ruling.

**B**

■ The RTC's second principal argument is that the magistrate judge's order is con-

trary to law or clearly erroneous because it would allow defendants to obtain production of an expert witness without complying with Rule 26(b)(4)(A)(i) and (ii), and prior to the time the RTC designates expert witnesses. The court rejects these arguments because the topics in question do not so plainly mandate the production of expert testimony as to warrant reversal of the magistrate judge's ruling.

In category no. 7 of the amended deposition notice, defendants request that the RTC designate someone to testify to the "RTC's claims that the officers and directors were negligent, grossly negligent or breached their fiduciary duties." While defendants could have framed their request in terms of "the factual basis" for these claims, there is no apparent attempt to discover anything other than the factual predicates for the RTC's causes of action. The RTC can be required to designate someone to state the facts upon which the RTC bases its claims. *See Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.,* 137 F.R.D. 267, 283 (D.Neb. 1989) (plaintiff entitled to discover facts underlying allegations in defendant's counterclaim).

Category no. 8 requests the RTC to designate someone to testify concerning "the source, usage and content of the prudent underwriting standards and guidelines" referred to in the RTC's complaint. This topic does not necessarily require the production of expert testimony. Although an expert witness would be necessary to opine regarding why the actions of the officers and directors of SSA were not in compliance with the underwriting standards, the mere discovery of the source and content of the standards themselves and (as a factual matter) how they were used does not require expert testimony.

■ Category no. 9 seeks discovery regarding "the RTC's claims for damages, including the causes and calculation thereof." This request simply inquires what the RTC's claims are, what it contends caused the dam-

ages, and how it calculated its damages. This is not shown to require expertise.[4]

## C

The RTC next objects to the magistrate judge's order on the ground that it will require the RTC to divulge information in the form of attorney work product or information accumulated by the RTC in anticipation of litigation. This provides no basis for reversal because the magistrate judge has not prospectively held that these privileges are unavailable. The RTC retains the right to object in accordance with the usual procedure. In the event there is a dispute regarding a privilege claim, the magistrate judge can then decide the validity of the asserted privilege. This argument presents no basis to disturb the order.

## D

■ Finally, the RTC objects to the magistrate's ruling as clearly erroneous and contrary to law because the discovery sought is unreasonable, unduly burdensome, and expensive. Once again, this is an abuse of discretion argument parading as assertions of legal and factual error. The RTC contends the failure to grant protection forces the RTC to incur tremendous expense and requires the RTC to prepare defendants' case for them. No abuse of discretion has been shown.

\* \* \*

The magistrate judge's July 22, 1993 order is in all things

AFFIRMED.

---

4. To the extent the RTC witness' factual description of how the damages were calculated leads to subsequent discovery from an expert, this conse-

quence is not a basis to reverse the magistrate judge.