Donald J. Allison, Amherst, MA, and Gary A. MacMillan and Scott R. Lucas, MacMillan & Lucas, Stamford, CT, for plaintiff.

Felix J. Springer, Beverly W. Garofalo, and Judy S. Loitherstein, Day, Berry & Howard, Cityplace, Hartford, CT, for defendant.

---

**Michael P. WHITTINGHAM, Plaintiff**

v.

**AMHERST COLLEGE, Defendant.**

**Civ. A. No. 95–30065 FHF.**

United States District Court,
D. Massachusetts.

Sept. 12, 1995.

*MEMORANDUM AND ORDER WITH RESPECT TO PLAINTIFF MICHAEL P. WHITTINGHAM'S MOTION TO MODIFY SCHEDULING ORDER*

*(Docket No. 16)*

NEIMAN, United States Magistrate Judge.

Plaintiff Michael P. Whittingham, pursuant to Fed.R.Civ.P. 30(a)(2)(A) and 26(b)(2), seeks to set aside the ten deposition limit. See also Local Rule 26.1(C). In support, Plaintiff asserts that this is a complex case,

that Defendant Amherst College's voluntary disclosure lists sixty individuals believed to have evidence relevant to Plaintiff's claims, twenty-nine of whom are Defendant's employees, and, further, that many individuals are beyond the reach of a trial subpoena. Plaintiff asserts that he cannot plan pre-trial discovery within the ten deposition limit of Rule 30(a)(2)(A).

Defendant opposes the motion. Defendant asserts that the case is not complex, that Plaintiff already has the facts that Defendant is relying on to defend itself in this lawsuit, and that only a limited number of individuals possess information that is of particular significance to the claims and defenses in this action. Defendant also asserts that Plaintiff has failed to demonstrate how a limitless number of depositions would be consistent with the principles set forth in Rule 26(b)(2).

## DISCUSSION

Rule 30(a)(2)(A) provides, in pertinent part, that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties, (A) a proposed deposition would result in more than ten depositions being taken under this rule ..." By speaking in terms of "the person to be examined" and "a proposed deposition," the rule clearly contemplates that a party has in mind a specific individual whom he or she intends to depose.

In the instant matter, Plaintiff has cited a large number of individuals who could potentially be deposed (see Plaintiff's Motion) and thirty individuals who may be central trial witnesses to matters in dispute between the parties (see Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Modify Scheduling Order (Docket No. 21), p. 6 and Exhibit 1). However, Plaintiff does not assert that these potential trial witnesses all need to be deposed nor does Plaintiff list the exact number of additional depositions he wishes to take, let alone the particular individuals he seeks to depose. Finally, it does not appear that Plaintiff has commenced the deposition process since, as he asserts, pre-trial discovery cannot be planned and executed within the ten deposition limit of Rule 30. See Motion, p. 2.

Plaintiff's failure to indicate the number and/or names of the additional depositions sought makes it difficult for the Court to measure the appropriateness of Plaintiff's motion, as required by Rule 30(a)(2), "consistent with the principles stated in Rule 26(b)(2)." Rule 26(b)(2) provides, in applicable part, that discovery should be limited if the Court determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Like Rule 30(a)(2), Rule 26(b)(2) assumes some specificity, with respect to numbers and names, regarding the depositions a party seeks. Further, since a court must determine the cumulative effect of the proposed discovery, as well as the opportunity for the party to obtain the information through other means, the rule also appears to assume that discovery has at least commenced. Any ambiguity is clarified by Local Rule 26.2(B)(2), which requires a party to exhaust available discovery *before* seeking leave for additional discovery events.[1]

These rules were promulgated to enable courts to maintain a "tighter rein" on the

---

1. Local Rule 26.2(B)(2) reads, in applicable part, as follows:

    Should a party exhaust the opportunities for any type of discovery events under LR 26.1(C), any requests that such party may make for additional interrogatories, depositions, admissions or the production of documents beyond that allowed pursuant to LR 26.1(C) should be by discovery motion.

extent of discovery and to minimize the potential cost of "[w]ide-ranging discovery" and the potential for discovery to be used as an "instrument for delay or suppression." See commentary to Rule 26(b)(2). Indeed, the Expense and Delay Reduction Plan, adopted by the U.S. District Court for the District of Massachusetts pursuant to the requirements of the Civil Justice Reform Act, 28 U.S.C. § 471, imposed the limitations on the number of depositions, interrogatories and requests for admissions, in order to encourage cost-effective discovery. At least one court has noted the "public's dissatisfaction with exorbitantly expansive discovery, and the impact that the public outcry has had upon our discovery Rules." *Eisenach v. Miller–Dwan Medical Center*, 162 F.R.D. 346, 348–49 (D.Minn.1995).

## CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's motion is DENIED. If necessary, the issue can be revisited when and if the Plaintiff has reached the limit, provided that he can demonstrate good cause consistent with the principles underlying Rule 26(b)(2).

IT IS SO ORDERED.