**Karen Jo BARROW, Plaintiff,**

v.

**GREENVILLE INDEPENDENT SCHOOL DISTRICT, et al., Defendants.**

**Civ.A. No. 3:00–CV–0913–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 18, 2001.

Wm. Charles Bundren, Dallas, TX, Kelly Shackelford, Liberty Legal Institute, Plano, TX, for plaintiff.

Cobby A. Caputo, Schwartz & Eichelbaum, Austin, TX, for Greenville Independent School District.

Thomas P. Brandt, Fanning, Harper & Martinson, Dallas, TX, for Dr. Herman Smith.

FITZWATER, District Judge.

When a party who has already taken the maximum number of depositions allowed by Fed.R.Civ.P. 30(a)(2)(A) moves for, but is denied, leave to take additional ones, to demonstrate abuse of discretion the party must establish the necessity not only of the added depositions but of those taken without court permission pursuant to the presumptive limit of Rule 30(a)(2)(A). Because, in this appeal from a decision of the magistrate judge, plaintiff has not made the required showing, the court affirms the magistrate judge's August 3, 2001 order denying her second motion for leave to take in excess of ten depositions.

I

Plaintiff Karen Jo Barrow ("Barrow") brings this civil rights action against defendants Greenville Independent School District ("GISD") and Dr. Herman Smith ("Dr. Smith"), its former Superintendent, contending that GISD declined to interview her for an administrator position because her children attend a local private Christian school rather than the GISD public schools. By June 29, 2001 motion, as supplemented on July 19, 2001, Barrow sought leave to take more than the ten depositions permitted by Rule 30(a)(2)(A). The magistrate judge, who had earlier refused a similar request, denied Barrow's motion.[1] He noted that defendants had agreed to permit her to take 15 depositions,[2] and he specifically refused her request for additional depositions so that she could conduct a Rule 30(b)(6) deposition *duces tecum* of a representative of the Texas Association of School Boards ("TASB"), depose Carol Petty ("Petty") and Kara Lu Pope ("Pope"), re-depose Dr. Smith, and depose the records custodians of Dr. Smith's other employers. The magistrate judge concluded that her assertion that any TASB communication may be relevant to the case was pure speculation, and that the breadth of her request was contrary to the factors set out in Rule 26(b)(2); that he had already denied

her request to depose Petty and would adhere to the reasons set out in his prior order; that Barrow could have used one of her allotted depositions to depose Pope and her mere speculation concerning Pope's situation was insufficient to warrant granting leave to exceed the numerical limit on depositions; that Barrow had not satisfied the Rule 30(a)(2)(B) standard for re-deposing Dr. Smith; and that her desire to depose the record custodians of Dr. Smith's other employers was a fishing expedition.

Barrow appeals the order, contending the magistrate judge clearly erred in certain respects.

II

A

The standard for review of a decision of a magistrate judge in a nondispositive matter is familiar. The court reviews such a ruling under Rule 72(a), which provides that the court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.* "The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D.Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D.Tex.1994) (Fitzwater, J.)). "[T]he district court may not disturb a factual finding of the magistrate judge 'unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Smith*, 154 F.R.D. at 665; *RTC v. Sands*, 151 F.R.D. 616, 618 (N.D.Tex.1993) (Fitzwater, J.) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985))). "If a magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety,' a district judge may not reverse it." *Id.* (quoting *Smith*, 154 F.R.D. at 665; *RTC v. Sands*,

---

1. The magistrate judge on October 24, 2000 denied Barrow's October 3, 2000 motion for leave to take in excess of ten depositions.

2. Barrow asserts in her objections that she has deposed 13 witnesses, "not fifteen as the [magistrate judge's] Order states." P. Objs. at 3. The magistrate judge's order does not state that she

has taken 15 depositions. It states that "Defendants have agreed to permit her to take a total of fifteen depositions," Aug. 3, 2001 Order at 1, that plaintiff "could have used one of her fifteen authorized depositions to obtain [Pope's] testimony," *id.* at 3, and that Barrow "has been permitted to take" 15 depositions, *id.* at 4.

151 F.R.D. at 618). The magistrate judge's legal conclusions are freely reviewable. *Id.* The district judge applies a *de novo* standard, and reverses if the magistrate judge errs in some respect in his legal conclusions. *Id.* "[T]he abuse of discretion standard governs review of 'that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.'" *Lahr,* 164 F.R.D. at 208 (quoting *Smith,* 154 F.R.D. at 665; *In re REPH Acquisition Co.,* 134 B.R. 194, 202–03 (N.D.Tex.1991) (Fitzwater, J.)).

■ When a party appeals a magistrate judge's decision concerning leave to take depositions in excess of the number allowed by Rule 30(a)(2)(A), the court reviews for clear error the factual findings on which the ruling is based and reviews *de novo* any legal conclusions that are challenged. It reviews only for abuse of discretion, however, the magistrate judge's ultimate decision concerning the number of depositions to be allowed, because the determination whether to permit additional depositions is essentially an exercise in discretion. *See Raniola v. Bratton,* 243 F.3d 610, 628 (2d Cir.2001) (stating that Rule 26(b)(2) "provides several discretionary factors to be weighed in imposing" the ten-deposition limit of Rule 30(a)(2)(A)); *Bell v. Fowler,* 99 F.3d 262, 271 (8th Cir.1996) (holding that district court did not abuse its discretion in denying motion to take additional depositions); *Andrews v. Fowler,* 98 F.3d 1069, 1080 (8th Cir.1996) (same).

### B

■ The threshold question the court must decide in the present appeal is what showing must be made to establish abuse of discretion when a party who has already taken the maximum number of depositions that Rule 30(a)(2)(A) allows moves for, but is denied, leave to take additional ones.

Rule 30(a)(2)(A) prescribes a presumptive limit on the number of depositions that may reasonably be taken in a civil suit. *See Landry v. St. James Parish School Bd.,* 2000 WL 1741886, at *2 (E.D.La. Nov. 22, 2000) ("the Federal Rules of Civil Procedure recognize a presumptive limit of ten depositions, absent request and leave for more."); *Universal City Studios, Inc. v. Reimerdes,* 104 F.Supp.2d 334, 342 (S.D.N.Y.2000) ("Rule 30(a)(2)(A) presumptively caps the number of depositions in a case at ten[.]"). The Rule provides:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants[.]

When a party seeks leave to take more than ten depositions, the court's decision whether to grant such leave is governed by the principles set out in Rule 26(b)(2), which provides, in pertinent part:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Considering the relevant factors, the court holds that a party who, without court permission, has already taken the maximum number of depositions permitted by Rule 30(a)(2)(A), and who seeks to establish that the decision not to allow additional ones is an abuse of discretion, must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).

The rationale for such a standard is apparent when applied to the present case. Had Barrow opted not to take other depositions, she could have taken the ones in question without first obtaining leave of court.[3] Bar-

---

**3.** This conclusion is subject, of course, to any valid grounds for quashing, or seeking protection

row should not be allowed to conduct ten (or, in this case, 15) depositions that were not subject to judicial review under the Rule 26(b)(2) standards and then only be required to challenge on appeal the magistrate judge's specific reasons for denying her leave to take the additional ones at issue. *See Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D.Kan.1996) ("One aim of this [Rule] is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties."). If this approach were condoned, a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate. Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and potential for delay, by establishing a default limit on the number of depositions. *See Whittingham v. Amherst College*, 163 F.R.D. 170, 171–72 (D.Mass.1995) ("These rules were promulgated to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery' and the potential for discovery to be used as an 'instrument for delay or suppression.'" (quoting commentary to Rule 26(b)(2))). This salutary purpose would be subverted unless a party who takes the maximum number of depositions allowed, and then seeks leave to conduct more, is required to show the necessity of all the depositions she took in reaching the prescribed limit in order to demonstrate abuse of discretion in denying leave.

### III

With the standard of review established,[4] the court turns to Barrow's appeal. She asserts that the magistrate judge misunderstood the nature of the constitutional issues involved, the detailed facts that she must establish to prove her claims and respond to

defendants' defenses, and the fact that she must try two lawsuits at once. *See* P. Objs. at 2. Barrow also contends that all 13 depositions taken thus far are justified because all deponents are clients of defense counsel and her attorney could not have interviewed them or obtained their affidavits. *Id.* at 2–3. She asserts in only conclusory fashion, however, that each is a material witness for one or more of the elements of her claim. *Id.* at 5. And it is not apparent from her pleadings, nor has she established, why it was necessary, for example, to depose five of the seven school board members and four of the seven senior administrators who were present at the Superintendent's Council meeting. As the Eighth Circuit said in *Bell:*

> Under Rule 30(a)(2)(A), a party is entitled to up to ten depositions without leave of court, and to obtain discovery depositions beyond ten, leave of court is required. The record reveals that Bell was permitted to take twelve depositions, two more than permitted without leave of court under Rule 30. Although some depositions were taken jointly for both this and a related case, Bell consented and participated in them. Additionally, Bell presented no good reason why the additional depositions were necessary. Bell had already deposed eight North Sioux City council members, the mayor, and a former police chief at the time that she made the request. There is no indication that deposing two additional council members, one of whom was not a council member until after Fowler's discharge, would have revealed anything other than what Bell had already obtained. In short, the additional depositions simply would have been cumulative and would have served no proper purpose. The district court committed no abuse of discretion in denying Bell's request.

*Bell*, 99 F.3d at 271.

■ Barrow must, at an irreducible minimum, show that the testimony she had al-

---

from, the depositions. These are substantive issues that are not pertinent to the court's reasoning.

**4.** It is no impediment that the court is adopting and applying this standard in the first instance on appeal. The court may affirm a correct deci-

sion of the magistrate judge for reasons not given by, or advanced to, him. *Cf. Laird v. Shell Oil Co.*, 770 F.2d 508, 511 (5th Cir.1985) ("[W]hen the judgment of a district court is correct, it may be affirmed for reasons not given by the court and not advanced to it." (footnote omitted)).

ready adduced without court leave concerned an issue material to the case and was not unreasonably cumulative or duplicative. She has not established, merely by arguing that each deponent is a client of defense counsel whom her attorney could not contact to obtain an interview or an affidavit, that it was necessary to take each deposition that she conducted within the presumptive limit of Rule 30(a)(2)(A). Barrow cannot demonstrate abuse of discretion merely by positing in general and conclusory terms the supposed necessity of the depositions she took before requesting leave to exceed the cap. The court therefore holds that Barrow has failed to establish that the magistrate judge abused his discretion, because she has failed to show the necessity of the depositions she took before seeking leave to conduct additional ones.

\* \* \* \* \* \*

The magistrate judge's August 3, 2001 order is

**AFFIRMED.**