Armour **ROBINSON**, Plaintiff,

v.

**NEXION HEALTH AT TERRELL, INC.**, Defendant.

**Case No. 3:12–CV–3853–L–BK**

United States District Court, N.D. Texas, Dallas Division.

Signed June 4, 2014.

Douglas B. Welmaker, David G. Langenfeld, Dunham & Jones PC, Austin, TX, Scotty D. Jones, Fort Worth, TX, for Plaintiff.

John B. Brown, Alicia Sienne Voltmer, Brittany Lajuan Adams, Colin Lecroy, Ogletree Deakins Nash Smoak & Stewart PC, Dallas, TX, for Defendant.

## *ORDER*

RENEE HARRIS TOLIVER, UNITED STATES MAGISTRATE JUDGE

This cause has been referred to the undersigned for pretrial management. (Doc. 11). The case is currently before the Court on Plaintiff's *Emergency Motion for Sanctions Against Defendant Nexion Health at Terrell, Inc.* (Doc. 37). For the reasons that follow, the motion is **GRANTED IN PART**.

### A. Background

In July 2013, Plaintiff filed an amended complaint alleging that Defendant Nexion Health at Terrell ("Nexion–Terrell") had violated the Fair Labor Standards Act of 1938 ("FLSA") by failing to pay her overtime pay for all hours she worked in excess of 40 hours per week. (Doc. 15 at 1, 4–5). During the course of discovery, Plaintiff noticed the depositions of Nexion–Terrell's Rule 30(b)(6) corporate representative and president/chief executive officer Francis Kirley. (Doc. 22 at 5, 22). She sought to inquire, *inter alia,* about Department of Labor ("DOL") investigations of Nexion–Terrell, its parent corporation Nexion Health, and any related entities or subsidiaries under common ownership or management. (Doc. 22 at 7). Nexion–Terrell moved to quash the notices of deposition and for a protective order. (Doc. 21).

The undersigned granted the motion in part, quashing the deposition notice as to Kirley. (Doc. 28 at 6). Nevertheless, the Court required Nexion–Terrell to locate an appropriate individual who could testify about other DOL investigations of Nexion Health entities in Texas that involved wage and hour violations. (Doc. 28 at 7). The Court warned Nexion–Terrell that (1) if it failed to designate an available, knowledgeable witness who could testify to matters known or reasonably available to it, sanctions may be imposed; and (2) if the discovery ordered proved to be inadequate, the Court would reconsider whether Kirley should be deposed. (Doc. 28 at 6–7). Subsequently, Nexion–Terrell presented as its Rule 30(b)(6) designee Mary Lee Robinson, its Human Resources/Payroll Manager, making that her second Rule 30(b)(6) deposition and her third deposition overall. Following the deposition, Plaintiff filed the instant motion, seeking sanctions as a result of Nexion–Terrell's allegedly bad faith designation of Robinson as its corporate representative.[1] (Doc. 37 at 1).

### B. Parties' Arguments

Plaintiff asserts that while Nexion–Terrell presented Robinson to purportedly discuss the DOL investigations into Nexion Health's other Texas entities, she knew next to nothing about the subject matter except for reading DOL summaries of the investigations, and she conducted very little independent fact-gathering. (Doc. 37 at 2–9). Plaintiff asserts that Robinson's appearance was essentially a non-appearance because she was not knowledgeable about relevant facts. (Doc. 37 at 9–10). Plaintiff requests that the Court (1) find Nexion–Terrell in contempt and impose as sanctions the costs and fees Plaintiff incurred in preparing for and taking Robinson's deposition as well as in preparing and filing this motion; and (2) permit Plaintiff to depose Kirley about the DOL's investigations into Nexion Health's Texas facilities. (Doc. 37 at 10).

Nexion–Terrell responds that Robinson spent at least six hours in deposition preparation and (1) reviewed all of the records of every DOL investigation at each of the affiliated Texas entities; (2) interviewed Nexion–Terrell's administrator about his knowledge of those investigations (he had none); (3) interviewed or attempted to interview the human resource directors at each of the other entities and asked them whether they knew anything about the investigation, who their administrator was, and whether that administrator would have knowledge of the investigations (they knew nothing); and (4)

---

1. Plaintiff also sought a continuance to respond to Nexion–Terrell's summary judgment motion. The Court granted a continuance pending resolution of the instant motion. (Doc. 38).

interviewed Nexion Health's human resources field director, Cindy Hamm, about her knowledge of the investigations. (Doc. 39 at 5–6, 10, 12). Nexion–Terrell maintains that it made a good faith effort to produce a knowledgeable corporate representative, and Robinson was not responsible for learning about the Texas investigations in "exhaustive detail." (Doc. 39 at 1, 14–17). Additionally, Nexion–Terrell asserts that details of the other entities' investigations were not reasonably available to it because the other entities are corporate affiliates with which it is not involved.[2] (Doc. 39 at 15).

## C. Applicable Law and Analysis

### 1. Robinson's Knowledge

 Rule 30(b)(6) provides that a litigant may direct a notice of deposition to an organization, which must then designate one or more officers, directors, or other persons to testify on its behalf about information known or reasonably available to it. Fed. R. Civ. P. 30(b)(6). The rule streamlines the discovery process and places the burden of identifying responsive witnesses for a corporation on the corporation, which appears vicariously through its designee. *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir.1993). "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir.2006) (internal quotation marks and footnotes omitted). Also, because under Rule 30(b)(6), the designated witness acts as the agent for the corporation,

if a certain fact is within the collective knowledge or subjective belief of the organization, the designee should be prepared on the issue by the organization and allowed to testify as to it even if it is not within her direct personal knowledge. *Id.* at 435. In particular, the deponent must prepare the designated witness to "answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Id.* If the designated deponent is not knowledgeable about relevant facts, and the corporation has failed to designate an available, knowledgeable witness then the appearance is essentially no appearance at all, and sanctions may be imposed. *S. Union Co.*, 985 F.2d at 197; *see also Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 2007 WL 4410370, *8 (N.D.Tex.2007) (Boyle, J.) (citing approvingly cases holding that Rule 30(b)(6) requires the corporation to prepare its designee to give binding answers); *Resolution Trust Corp. v. Sands*, 151 F.R.D. 616, 618–19 (N.D.Tex. 1993) (Fitzwater, J.) (holding that Rule 30(b)(6) requires an entity to designate a witness to "testify as to matters known *or reasonably available to the organization.*") (emphasis added).

 In response to the Court's order directing Nexion–Terrell to designate a knowledgeable Rule 30(b)(6) witness, it chose to designate Robinson.[3] Consequently, it was Nexion–Terrell's responsibility to fully prepare Robinson to give complete and fruitful answers to the extent such information was reasonably available to the company. *Brazos River*, 469 F.3d at 433; *Sands*, 151 F.R.D. at 618–19. Upon review of Robinson's deposition testimony, however, it is apparent to the Court that she was not reasonably prepared to testify regarding the noticed subject matter and that her appearance was "essentially

**2.** Defendant also argues, rather disingenuously, that Plaintiff or her attorneys already know the answers to some of the questions posed to Robinson during her deposition and that the information Plaintiff seeks is not relevant. (Doc. 39 at 18–19). These contentions ignore the reality that, first, Plaintiff is entitled to make a record to support her case and, second, the Court already found that the information Plaintiff seeks is relevant. (Doc. 28 at 5).

**3.** The Court notes that Nexion–Terrell stated in its motion to quash that nobody at Nexion–Ter-

rell knew about the other entities' DOL investigations but argued that the Kirley deposition notice should be quashed because Plaintiff could "obtain any relevant information . . . by less burdensome means," such as by interrogatories or a Rule 30(b)(6) representative. (Doc. 21 at 1, 3, 4–5). Nexion–Terrell never specified any such alternative person who could provide the testimony Plaintiff sought. Instead, Nexion–Terrell unsuccessfully argued that the subject matter was irrelevant, overbroad, and unduly burdensome, (Doc. 21 at 6–9), and subsequently presented Robinson as its Rule 30(b)(6) representative.

no appearance at all." *S. Union Co.*, 985 F.2d at 197; see, e.g., Doc. 37–2 at 2–4, 6–7, 12 (Robinson stating that she called most of the Texas facilities, spoke with each human resources director for three or four minutes to ask "if they knew anything about some investigations that had taken place at those facilities"; averring that none of them had knowledge because they were not employed there at the relevant time; stating that she did not ask for internal records of any investigations or whether anyone else in management besides the facilities' administrators might have relevant knowledge); Doc. 37–2 at 7–10, 23, 26–27, 30 (noting that Robinson learned from Cindy Hamm that "she was in on part of the [Duncanville] investigation," but that Robinson had neither "gotten back with her" to ask further questions nor asked Hamm whether she remembered anything about the investigations she was involved in); Doc. 37–2 at 13–14, 20, 30 (noting that she had not attempted to contact any other Nexion human resources employees who were named in the DOL investigation documents); Doc. 37–2 at 32 (testifying that, other than asking her administrator at Nexion–Terrell, she made no effort to determine whether the results of the other Texas entities' investigations were communicated to anyone at Nexion–Terrell).

While Nexion–Terrell argues that Robinson's lack of knowledge should be excused because none of its employees was involved in the DOL investigations and, thus, such information was not reasonably available to itself or Robinson, (Doc. 39 at 15), that argument is hardly helpful to Nexion–Terrell; it is essentially admitting that it designated as its Rule 30(b)(6) witness a person whom it knew lacked the relevant knowledge and then failed to adequately prepare her with knowledge reasonably available to the organization. Once Nexion–Terrell designated Robinson as its corporate representative, it was bound to educate her whether through documents, past employees, and/or other sources so that she could fully answer Plaintiff's questions about the DOL investigations as the undersigned had specified. *Brazos River*, 469 F.3d at 433.

Moreover, Nexion–Terrell's reliance on *In re Ski Train Fire of November 11, 2000*, 2006 WL 1328259 (S.D.N.Y. May 16, 2006) for the proposition that it need not obtain knowledge of matters known only to a separate corporate entity is unavailing. (Doc. 39 at 15). *In Ski Train Fire*, the plaintiffs brought suit in New York after a deadly train fire in Austria. *In re Ski Train Fire of November 11, 2000*, 2006 WL 1328259, *1 (S.D.N.Y.2006). Plaintiffs sued, *inter alia*, subsidiary Siemens Osterreich and Siemens AG, the parent company. *Id.* The court dismissed Siemens Osterreich for lack of personal jurisdiction. *Id.* Plaintiffs then noticed Rule 30(b)(6) depositions on Siemens AG. *Id.* at *9. The court noted that the matters the plaintiffs sought to discover would most likely be known only by employees of Siemens Osterreich and held that it would not require the corporate parent to acquire all the knowledge of the subsidiary on matters in which the parent was not involved. *Id.*

The present case is distinguishable, however. While Nexion–Terrell was not involved in any of the seven DOL investigations of Texas facilities, Kirley is Nexion–Terrell's President and CEO and is also the President and CEO of each of the seven entities investigated by the DOL and of Nexion Health itself. Moreover, he has admitted that he knew about the DOL investigations and their results. *See* Doc. 40–10 at 2. Since Nexion–Terrell's CEO is aware of the results of the DOL investigations at the other Texas Nexion entities, such information was reasonably available to Nexion–Terrell. Under the circumstances presented, sanctions are warranted.

### 2. Sanctions

 If a party or a party's officer, director, or Rule 30(b)(6) witness fails to obey an order to provide discovery, the court may impose a variety of sanctions. FED. R. CIV. P. 37(b)(2)(A). Additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). Federal courts also have inherent authority to manage their dockets and sanction bad faith conduct to preserve

the authority of the court, including by assessing attorneys' fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45, 50, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Appropriate factors to consider in determining the amount of a sanction award include: (1) what is the least severe sanction adequate to punish the offending conduct; (2) the reasonableness of the attorneys' fees; (3) the precise conduct being punished; and (4) the speed with which the sanctions were sought. *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 878–81 (5th Cir.1988) (Rule 11 sanctions case cited approvingly in *Chambers*, 501 U.S. at 55–58 & n. 18, 111 S.Ct. 2123).

Upon consideration of the law and the parties' arguments, the undersigned finds it appropriate to impose as a sanction the attorneys' fees and costs that Plaintiff incurred in preparing for and taking Robinson's most recent deposition, and in preparing and filing the instant motion and reply brief. Nexion-Terrell's failure to adequately comply with the Court's order directing it to designate a Rule 30(b)(6) witness familiar with the topic at issue was not substantially justified, and there are no other circumstances that would make an award of expenses against Nexion-Terrell unjust. FED. R. CIV. P. 37(b)(2)(C). Accordingly, the parties are **DIRECTED** to confer in an effort to reach agreement about a reasonable amount of attorneys' fees and costs owed. If the parties are unable to reach agreement within 14 days of the date of this order, Plaintiff is **DIRECTED** to file with the Court detailed documentation showing the amount of fees that she incurred. She is permitted to file such documentation under seal.

### 3. *Deposition of Kirley*

Because it is obvious that Robinson was a deficient witness, Nexion-Terrell is obligated to provide a substitute. *Brazos River*, 469 F.3d 416, 433. The only issue is whether Kirley should be the subject of the deposition as Plaintiff requests. As the undersigned previously has noted, Kirley is a high-level executive of Nexion Health. Federal courts permit the depositions of such "apex executives" when conduct and knowledge at the highest levels of the corporation are relevant to the case. *See, e.g., Kimber-*

*ly–Clark Corp. v. Cont'l Cas. Co.*, No. 3:05–CV–0475–D, 2006 WL 3436064, *2 (N.D.Tex. Nov. 29, 2006). By taking the deposition of Robinson, a lesser-ranking employee, Plaintiff first utilized less intrusive means before seeking to take Kirley's apex deposition. *Schmidt v. Goodyear Tire & Rubber Co.*, 2003 U.S. Dist. LEXIS 28130, *3 (E.D.Tex. Jan. 7, 2003) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir.1979)). The Court further is obliged to minimize "oppression, inconvenience, and burden" to the executive and the corporation to the extent reasonably possible. *Computer Acceleration Corp. v. Microsoft Corp.*, 9:06–CV–140, 2007 WL 7684605, *1 (E.D.Tex. June 15, 2007).

As an initial matter, the Court finds that Plaintiff has demonstrated that Kirley has knowledge that "bears on, or [ ] reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). For example, Kirley may have information regarding whether anyone at Nexion-Terrell knew about the DOL investigations at other entities, a question which Robinson did not have a definitive answer to and, indeed, made little effort to research. While the Court finds that the deposition of Kirley is necessary and proper under the circumstances presented, several limitations are in order. The Court notes that in response to Nexion-Terrell's motion to quash Kirley's deposition, Plaintiff averred that she sought only to inquire into "what he knew about these DOL investigations, when he knew it and what he did with that information." (Doc. 24 at 9). Plaintiff noted that, contrary to the representations in Nexion-Terrell's motion, Kirley would not be required to analyze the documents exchanged with the DOL during each investigation, review all internal documents relating to such investigations, and speak with each person involved. (Doc. 24 at 9). Plaintiff also represented that she would take the deposition at Kirley's headquarters and limit the scope to Kirley's actual knowledge, thereby dispensing with the need for him to research the DOL investigations or speak to any other individuals. (Doc. 24 at 9). These limitations will minimize "oppression, inconvenience, and burden" to

Kirley and the corporation to the extent reasonably possible. *Computer Acceleration,* 2007 WL 7684605 at *1.

With these limitations in place, the Court **GRANTS** Plaintiff's motion in part and **ORDERS** Kirley to make himself available for deposition within 14 days of the date of this order. Plaintiff shall file her response to Defendant's summary judgment motion seven days after Kirley's deposition is completed.

### D. Conclusion

For the reasons stated, Plaintiff's *Emergency Motion for Sanctions Against Defendant Nexion Health at Terrell, Inc.* (Doc. 37) is **GRANTED IN PART.**

**SO ORDERED** on June 4, 2014.